JAMES McKAY, APPELLANT, vs. HENRY C. BELLOWS, APPELLEE.

1. Where there is no bill of exceptions accompanying the record, but the instruction complained of purports to have been in writing, duly attested by the judge who presided at the trial, and it is manifestly irrelevant to the issue joined between the parties, this Court will consider and pronounce upon such instruction.

2. Where a promissory note had been given for the purchase of a horse, which note was afterwards transferred to a third party, who brought suit thereon against the maker, and the pleas were "failure," "partial failure" and "want of consideration,"it is error in the judge below to instruct the jury, "that to sustain the defendant's plea of *fraud*, it must be proved to them that there was fraud by the payee of the note, in the sale of the horse to the maker; and that there was fraud between the assignee and the payee of the note, in the purchase of the note; and that it must be proved that the assignee was notified of the fraud between the payee and the maker in the sale of the horse before he purchased the note."

This case was decided at Tampa.

The facts of the case are set out in the opinion of the Court.

*James T. Magbee* for the appellant.

*James Gettis* for appellee.

DuPONT, J., delivered the opinion of the Court.

This was an action of assumpsit brought in the Circuit Court of Hillsborough County, by the endorsee of a promissory note against the maker. Three special pleas were interposed by the defendant, in each of which he attempted to set up the defence of a failure of consideration. To each of these pleas there was a demurrer, which was sustained, and the defendant was allowed to plead over. He then plead 1st, a failure of consideration, 2nd a partial failure of consideration, and 3rd a want of consideration, upon which issue was severally joined and the parties went to the jury. The Court instructed the jury as follows: "That to sustain the defendant's plea of fraud, it must be proved to them that there was fraud by McCarty in the sale of the horse to McKay, and that there was fraud between Bellows and McCarty in the purchase of the note, and it must be proved that Bellows was notified of the fraud between McCarty and McKay in the sale of the horse

before he purchased the note." Under this instruction the jury found a verdict for the plaintiff and judgment was entered accordingly. It is from that judgment that the appeal is taken, and the error is predicated upon this instruction of the judge below.

There is no bill of exceptions accompanying the record, and the evidence upon which the jury founded their verdict is consequently not before us. There is in the record, however, a paper containing the instruction complained of, which purports to have been in writing and signed by the judge. Ordinarily, in the absence of the Bill of Exceptions, we should be constrained to refuse to consider the error assigned, but the circumstances of this case bring it precisely within the exception laid down in the opinion delivered in the case of McKay vs. Friebele, decided at the present term of this court, viz: "where the instruction is manifestly without the limits of the issue joined between the parties, and is likely to mislead the jury in making up their verdict."

The issues in the case were upon the pleas of a "failure," "partial failure," and "want of consideration." Either one, or all of these pleas might be sustained without the allegation or proof of fraud. Even misrepresentation, whether fraudulent or innocent, is not essential to support the defence under these pleas. The defence might be sustained, although the utmost good faith had been observed by the plaintiff. If this be so, then it was manifestly wrong to instruct the jury, that fraud must be proved, in order to sustain the defendant's defence. It is not every erroneous, instruction however, that will induce this court to interfere with the judgment of the court below. The instruction must be such as is obviously calculated to mislead the jury. We think the instruction complained of in

this cause is of that character, and we therefore feel constrained to sustain this assignment of error.

Let the judgment be reversed and a new trial be granted in the Court below.