NOLLEN v. WISNER AND VAN VARK.

1. INSTRUCTIONS ON EVIDENCE. The Supreme Court will not pass upon the pertinency of *instructions* when considered with regard to the evidence when it does not appear that all the evidence received on the trial below is embraced in the record.

Nollen v. Wisner and Van Vark.

2. NOTICE TO INDORSER: PLEADINGS. Under the laws of this State an endorser is entitled to strict notice of protest according to the rules of the law merchant, and in an action against an endorser such notice should be alleged, if some sufficient reason is not shown why it was not given.

3. INSUFFICIENT CAUSE OF ACTION: PRACTICE. An objection to an insufficient statement of a cause of action in a petition can not be urged by way of instruction to the jury. The defendant's remedy is, 1 by demurrer; 2 by motion of arrest of judgment.

4. INSTRUCTIONS. The instructions of the court should be restricted to the issues made by the pleadings and to the evidence.

*Appeal from Marion District Court.*

TUESDAY, OCTOBER 16.

*Henry P. Scholte* for the plaintiff.

*Seevers Williams & Seevers* for defendant.

LOWE, C. J.—Suit on two notes against maker and indorser. Pleas: 1, General denial: 2, Plaintiff not the owner of said notes: 3, Indorsement fraudulently obtained. Traverse by plaintiff, for whom judgment was rendered against the maker only who made no defense. On the trial the court instructed the jury that the plaintiff could not recover unless he showed that within a reasonable time after the assignment, (which had been made subsequent to the maturity of the notes,) he had demanded payment of the maker, and gave notice to the defendant, Van Vark, of the non-payment thereof and that their verdict should be in accordance with that instruction. Under this ruling the defendant Van Vark being discharged, the plaintiff makes two points for the consideration of this court.

I. That the court erred in applying the rules of the commercial law to this case, in regard to a demand and notice, when the evidence adduced on the trial took the case out of those rules.

The bill of exceptions does not purport to transmit to us all the evidence in the case, which of itself would be a suffi-

cient answer to this objection. But if it does contain a report of all the evidence introduced in the cause, it fails, nevertheless to disclose any state of facts which satisfies us that there was any waiver of demand or notice, either in fact or law.

II. The second ground of error is that the court instructed the jury in the manner above stated, and upon a point not raised by the issue in the pleadings.

It is true under the law of this State, an indorser is entitled to strict notice of protest &c., according to the rules of the commercial law, and this is an issuable fact which should have been stated in the petition, or a valid reason alleged for its omission; but this was not done, nor did the defendant demur on that account, or set it up as a ground of defence in his answer, but did place his defence upon other grounds as above stated. Now, whether an insufficient statement of a cause of action, may be urged on trial by way of instruction to the jury as an objection to plaintiff's recovery against an indorser, is a question of practice of some importance not known to have been directly settled by any decision of this court.[1] Our Code of practice is silent as to the time and manner in which the defendant, after failing to demur, may insist that the petition contains no cause of action; we are therefore remitted to the rules and analogies of the old practice. Under these, the parties in introducing their evidence would be limited to the particular issues they had made.,

No evidence could be received in this case, under the pleadings, proving a demand and notice if an objection was made, because no such allegation is made in the petition. Objection to such proof might induce plaintiff to apply for leave to amend as the safest method of obviating the difficulty. Nor could the defendant under the issues made, non-

---

1. See *Frentress* v. *Mobley* 10 Iowa 450.

suit plaintiff because he had not stated a sufficient cause of action.

We suppose the only method by which the defendant could make available the insufficiency of the petition is, first by demurrer, second by motion in arrest of judgment in the court below. Neither of these methods was adopted by him, nor did he prove any of the defenses which he had pleaded. Still he is discharged and obtains a judgment against the plaintiff for costs. The plaintiff proves his cause of action as laid, but fails to get his judgment. Now how was this effected? Simply by the charge which the court gave the jury, to wit: "That the plaintiff could not recover unless he shows that within a reasonable time after the assignment he presented the note for payment to Wisner the maker and immediately gave notice to defendant of the non-payment thereof, and ordered the jury to give a verdict in accordance with that instruction, for defendant."

The matter of this instruction is entirely outside of the pleadings and issues in the case, and the court seems to have acted upon the presumption that if the plaintiff had or could show by evidence on the trial a demand and notice, that such proof would, aid or cure a defective statement of the cause of action in the complaint. This is simply a mistake, and the jury should have been told that under the pleadings of this case they had nothing to do with the question of demand and notice under the rules of the commercial law. If under such an instruction a verdict was found against Van Vark the endorser, he had a plain remedy both by motion in arrest and by appeal. The verdict and judgment in favor of the defendant Van Vark is reversed and the cause remanded to be tried in accordance with this opinion.