## DRAPER v. ELLIS.

1. ALLEGATIONS IN REPLEVIN. In replevin the wrongful detention is the gist of the action, and a failure to allege it in the petition may be taken advantage of by demurrer, in arrest, or upon error.

Draper v. Ellis.

2. PRACTICE: Where a defendant in replevin, on the hearing in a justices court, joins issue upon the allegations of a petition which is substantially defective, he can raise objections to such defects only by motion in arrest of judgment after trial, on appeal, in the District Court. WRIGHT, J., holding that such objections cannot be taken even in that way.

3. PERTINENT INSTRUCTIONS. The court should refuse instructions which are not pertinent to the issues joined in the pleadings.

*Appeal from Lee District Court.*

TUESDAY, OCTOBER 22.

A proceeding in replevin to recover the possession of a horse valued at some $80. The trial had before the magistrate resulted in a judgment for plaintiff. The cause was removed by appeal to the District Court, where the judgment below was affirmed upon a second hearing. Although the record shows that the defendant appeared in both courts on the hearing of the cause, it does not show that it was the defense which he pleaded or set up to the merits of the action. Previous however to his entering upon the trial in the District Court, he moved to dismiss the suit, on the ground that the petition as sworn to did not authorize the issuing of the writ or give the justice jurisdiction of the cause, inasmuch as it contained no allegation that the property was wrongfully detained by defendant. This motion was overruled; and the decision of the court below thereon is made the ground of error here. Also the refusal to give the defendant's fifth instruction, as follows: "*It is not sufficient* to support an action of replevin to prove that defendant did take the property in question without authority of law, but that he did, at the commencement of the suit and at the service of the writ wrongfully detain the same." Also the giving of some and the refusal of other instructions, &c.

*J. M. Beck* for the appellant.

*Miller & Lowrie* and *Rankin & Miller* for the appellee.

LOWE, C. J.—In replevin the wrongful detention, under our statutes, is the gist of the action; and a failure to allege this fact in the petition is a substantial defect which may be taken advantage of on demurrer, in arrest, or upon error. *Fible* v. *Choplinger*, 13 B. Mon. 465; *People* v. *Booker*, 8 Howard, 258; *Gould* v. *Glass*, 19 Barb. 185; Senny's Ohio Code, 114, and note 6, 23 and 53; Swans Pl. & Prec. 240.

In this case the defendant went to trial before the magistrate without raising any objection to the petition, and although the record is silent as to what kind of a defense was set up, either orally or in writing, yet inasmuch as it does show a jury trial under evidence introduced by both parties, it is, we think, safe to conclude that the trial was had under an oral issue denying the plaintiff's cause of action. If so, it was not competent for the defense to raise the objection again until he could do so by a motion in arrest of judgment after trial in the District Court. But conceding under the circumstances that a motion to dismiss could be made in the District Court, before trial, yet if the party failed to stand upon the ruling of the court on such motion when made against him, and had ventured upon a trial a second time on the merits, it would be a waiver of his rights under the motion, and he could only again regularly avail himself of the objection, by a motion in arrest. Now the record shows that the defendant gave notice that he would make such a motion, but no such motion in fact appears of record to have been made.

Again, as this was a question going to the foundation of the action, we suppose, like the question of jurisdiction, it might be raised for the first time in this court. But here, too, the party has failed to point it out as error, and we cannot see how we can regularly pass upon the question in the present condition of the record.

It is true, upon being asked the court refused substantially to charge the jury that the plaintiff must prove, in order to entitle him to recover, that at the commencement

of the suit the defendant wrongfully detained the property. It would have been error to have refused such an instruction if there had been any issue between the parties to which it was applicable; but there was not. And hence there was no adequate cause of complaint upon that ground. The plaintiff is not required, in his proof, to go beyond the cause of action set out in his petition.

The remaining errors assigned relate to instructions given and refused. We overrule the former class as unobjectionable; the latter as inapplicable—neither involving principles calling for discussion.

Affirmed.

WRIGHT, J.—I consent to the affirmance of this case, but do not adopt the reasoning of the foregoing opinion in arriving at that conclusion. In my opinion, the petition does present facts constituting a cause of action, and as a consequence the motion was properly overruled, and the instruction complained of correctly refused. Not only so, but the motion was to dismiss the suit, because in substance "the affidavit or petition was not in compliance with the statute," and this in a District Court, after a full hearing before the justice. The motion was not appropriate, was too general, was too late, and not sustained by the record. Let the judgment be

Affirmed.