## Syford v. Shriver.

1. **Trespassing Animals:** RIGHT TO DISTRAIN: MAY BE DETERMINED BY REPLEVIN. The statute (Code, § 1448) authorizes only persons whose lands are enclosed by a lawful fence to distrain domestic animals injuring their premises; and where animals are distrained, the township trustees have not exclusive jurisdiction of the question whether the distrainor had a lawful fence, but such question may be determined in an action of replevin brought to recover the animals from the distrainor.

2. ———: TOWNSHIP TRUSTEES ASSESS DAMAGES. If in such action the distraint is adjudged to have been legal, the distrained property may be remanded to the distrainor, and the damages may be assessed by the township trustees, subject to the right of appeal, as provided in sections 1454 and 1455 of the Code.

*Appeal from Wayne Circuit Court.*

THURSDAY, JUNE 7.

THIS is an action of replevin for ten head of cattle. The plaintiff alleges in his petition that he is the owner of the property, and that the defendant unlawfully detains the possession of the same from the plaintiff. The petition contains the following averments: "That the alleged cause of detention, according to the best belief of plaintiff, is that defendant claims to keep them as distrained stock for trespass, when in fact he has no lawful fence, and has no right to so detain said cattle. Also, that no notice has been served on plaintiff in twenty-four hours after such detention, as prescribed by statute. That plaintiff has, and did before commencing this suit, and after twenty-four hours had elapsed from time said cattle had been distrained by defendant, demanded them from defendant, who refused to give over the same to plaintiff." The defendant demurred to the petition upon the following grounds:

*First.* Because the plaintiff shows in his petition that the ten head of cattle replevied were in the possession of the defendant by reason of his having distrained them when trespassing upon his premises, and were held by defendant, under

the provisions of chapter 3, title XI, of the Code of 1873, for the purpose of indemnifying him against damages done his premises.

*Second.* Because said petition shows that said cattle were, at the commencement of the action and the issuance and service of the writ, in the possession of the law.

*Third.* Because the petition shows that said cattle, distrained while trespassing, were in the custody and jurisdiction of the legal tribunal designated by the law to assess the damages, determine whether said cattle were trespassing, and whether said premises were enclosed by a lawful fence, and other questions pertaining thereto, and that plaintiff cannot oust said jurisdiction by instituting an action of replevin.

The court overruled this demurrer. The defendant elected to stand upon his demurrer, and refused to answer, and a default was entered against him. The cause was submitted to the court upon evidence introduced by the plaintiff, and judgment was rendered in his favor for the possession of the property and for damages. The defendant appeals.

*Freeland & Miles,* for appellant.

*W. H. Tedford,* for appellee.

DAY, CH. J.—Section 1507 of the Code defines a lawful fence. Section 1448 of the Code provides: "When any person is injured in his lands inclosed by a lawful fence by any kind of domestic animal, he may recover his damages by an action against the owner, or by distraining the animals doing the damage."

Section 1454 of the Code provides: "Within twenty-four hours after the stock has been distrained, Sunday not being included, the party so injured, or his agent, shall notify the owner of said stock, when known, and if said owner shall fail to satisfy the owner of, or occupant cultivating said land, he shall, within twenty-four hours thereafter, notify the township trustees to be and appear upon the premises, to view and assess the damages; such notice to be either verbal or in

writing. When two or more trustees have assembled, they shall proceed to view and assess the damages and the amount to be paid for keeping said stock; and if the persons owning such distrained stock refuse to pay such damages so assessed, then the trustees shall post up notices in three conspicuous places in the township where such damages were done, that the said stock, or so much thereof as is necessary to pay said damages with costs of sale, will be sold to the highest bidder."

Section 1455 of the Code provides: "The trustees shall make their assessment in writing, and file the same with the township clerk, to be of record in his office. Any person aggrieved by the action of the trustees under this chapter may appeal to the circuit court of the proper county." The position of appellant is that, when domestic animals are seized under the provisions of these sections, all questions pertaining to the seizure and to the amount of damages are to be determined by the township trustees, and that the legality of the distraint and detention cannot be determined by the action of replevin.

It will be observed, however, upon a reference to section 1454 of the Code, that the township trustees are required only to assess the damages and the amount to be paid for keeping the stock. It may be that, if the trustees should be satisfied that the premises were not enclosed with a lawful fence, they would be justified in refusing to assess any damages, leaving the owner of the premises to prosecute an appeal from their action, if so advised. But, as the statute with reference to distraining of domestic animals does not confer special authority upon the township trustees to inquire into and determine the lawfulness of the fence inclosing the injured premises, it cannot, we think, be maintained that their jurisdiction respecting the matter is exclusive. The statute authorizes only a person whose lands are inclosed by a lawful fence, to distrain domestic animals injuring his premises. If his lands are not inclosed by a lawful fence, he has no right to distrain, and,

1. TRESPASS-ING animals: right to distrain: may be determined by replevin.

if he does so, the possession which he acquires is unlawful, and he becomes a trespasser.    The rightfulness of the distraint may, we think, be inquired into in the action of replevin.    It does not follow that, if the right to institute an **2. ——: township trustees assess damages.** action of replevin is sustained, the determination of the amount of damages will be transferred from the tribunal provided by statute for that purpose to the courts.    If the distraint is found to be legal, the property may be remanded to the distrainor, and the damages may be assessed by the township trustees, subject to the right of appeal as provided in sections 1454 and 1455 of the Code.    The petition in this case alleges that the defendant has no lawful fence.    For the purposes of the demurrer, this allegation of the petition is admitted.    If the defendant had not a lawful fence, he had no right to distrain the plaintiff's animals, and his detention of them was illegal.

AFFIRMED.