JACKSONVILLE, TAMPA & KEY WEST RAILWAY COMPANY, APPELLANT, VS. MILROY NEFF, APPELLEE.

1. The instructions of the court to the jury must be confined to the issues made on the pleadings.

2. Where the record shows that the jury was sworn to try the issues joined between the parties it is sufficient.

3. An objection made for the first time in the appellate court to the manner in which the jury was sworn comes too late to avail the party raising the objection.

Appeal from the Circuit Court for Clay county.

The facts of the case are stated in the opinion of the court.

*J. R. Parrott* and *Fletcher & Wurts* for Appellant.

*Walker & L'Engle* for Appellee.

MABRY, J. :

The appellee, Neff, in April, 1887, sued the appellant railway company in the Circuit Court for Clay county, Florida, for $5,000 damages for the destruction of certain property of appellee by fire, caused by the alleged escape of sparks from a locomotive engine under the control of appellant. The averments of the declaration filed by appellee are as follows : "Milroy Neff, by John T. and Geo. U. Walker, his attorneys, sues the Jacksonville, Tampa and Key West Railway Company, a corporation, organized and doing business under the laws of the State of Florida, for that the plaintiff was possessed of certain machinery of great value, consisting of sawing machines and all necessary appurtenances, together with the fixtures and a large and valuable lot of lumber, all contained in a certain building owned by Buddington & Wilson, at Green Cove Springs, in said county of Clay, situated near to a railroad used by defendant for purposes of driving along the same (among other things) locomotive engines, and the defendant was possessed of a locomotive engine contain-

ing fire and burning matter which was being driven along the said railroad near to the building containing the machinery, fixtures, appurtenances and lumber of the plaintiff as aforesaid, which said engine was under the management of the defendant, and the defendant so neglected and unskillfully managed the engine and the said fire and burning matter therein contained as aforesaid, and the said engine was so insufficiently and improperly constructed the sparks from the said fire and portions of the said burning matter escaped and flew from the said engine to and upon the said building, whereby the said building was set on fire, and the same, together with the said machinery, appurtenances, fixtures and lumber and goods of the plaintiff then being in and near the said building were burned and destroyed, and the plaintiff lost the use of the same and was prevented from carrying on his business. The plaintiff hereto attaches a list of said property as aforesaid destroyed by said fire which escaped and flew from said engine to and upon the said building aforesaid." Attached to the declaration is a list of the items of property alleged to have been destroyed.

The first plea filed by the defendant below was the general issue. For a second plea "defendant says that if said damages occurred to said plaintiff, that it was caused by his, the said plaintiff's negligence." For a third plea "said defendant says that its said trains and engines were properly and sufficiently, at the time alleged, constructed, and were not managed in a negligent or unskillful manner, as alleged." For a fourth

plea "defendant says that said damage and loss alleged were not caused by its agents or employees, and that a spark from said fire alleged and portions of said burning matter alleged to have been in the locomotive of said defendant on the day alleged did not escape, set on fire said building and cause loss or damage to the said plaintiff, as alleged in said plaintiff's declaration. For a fifth plea defendant says "that if the plaintiff suffered any loss at the time alleged by the loss of business, destruction to property, or in any other way, that the defendant herein was in nowise the cause of said damage or loss." And for a sixth plea "defendant says that he is informed and believes that said plaintiff has not suffered the damage and loss alleged in his, the said plaintiff's declaration."

The record shows that plaintiff below joined issue upon all of defendant's pleas, and also filed the following replication to the second plea of defendant: "And the plaintiff for replication to defendant's second plea says that it is not true as alleged in said plea that the damage for which he sues in said action was in anywise caused by plaintiff's negligence."

At a term of the Circuit Court for Clay county, and on the 27th day of March, A. D., 1888, this cause was, on the issues here made, submitted to a jury and a verdict for $3,354.40 rendered against defendant below. Upon the rendition of this verdict said defendant filed the following motion to set aside the verdict: "And

now comes the defendant, by Fletcher & Wurts, of counsel, and moves the court to set aside the verdict of the jury herein rendered and to award a new trial upon the following grounds, to-wit: 1. The verdict was contrary to law; 2. The verdict was contrary to the evidence; 3. The verdict was contrary to the manifest weight of the evidence; 4. The amount of the verdict was in excess of the damages proven upon the trial; 5. The court erred in charging the jury as requested by the plaintiff; 6. The court erred in refusing to charge the jury as requested by the defendant; 7. The court erred in reading aloud the charge which defendant requested should be given to the jury, and then refusing to give certain of said charges." This motion was overruled and judgment entered for plaintiff for the amount of the verdict and costs of suit, from which defendant at said term and in open court entered an appeal to this court.

The points made in the petition of appeal filed in this court are: 1st. The court erred in recording the verdict of the jury; 2nd. The court erred in entering the judgment; 3rd. The court erred in delivering to the jury the second charge requested by the plaintiff; 4th. The court erred in overruling the motion for a new trial. It is not necessary to devote any attention to the first and second points in the petition of appeal, as the propriety of recording the verdict and entering the judgment depends upon the correctness of the proceedings in other respects.

The third point calls in question the correctness of

the second charge given for plaintiff below. This charge is as follows : "That if the jury believe from the evidence that without fault or neglect of the plaintiff, defendant's employes negligently permitted a lot of loose, dry hay to remain for some time prior to the 18th of March, A. D. 1887, exposed in a box car near plaintiff's property which was set on fire on said day, and that the employes of said defendant railroad company negligently permitted said fire to be communicated from said car so left exposed by said employes to plaintiff's said property, and to burn and destroy the same, the verdict should be for the plaintiff." This charge was excepted to by defendant below. The objection urged by appellant to this charge is, that "it has no relation whatever to the issues raised by the pleadings, and the jury were thereby instructed that if a loss resulted to the plaintiff by reason of a cause of action of which no mention was made in the pleadings, they should find for plaintiff." It appears from the testimony in the bill of exceptions in the record that the fire which destroyed plaintiff's property occurred at the crossing of defendant's railroad and another railroad called the Melrose road. Plaintiff's property was situated in and near the saw mill of Buddington & Wilson, which was located in one of the angles made by the crossing of said roads and not over thirty feet from either road. There was at the crossing a spur track from defendant's road extending along the Melrose road a short distance, and defendant had some six weeks prior to the fire switched on to this

sidetrack a box car loaded with hay. A short time after the car was put on the side track it was unloaded, and loose, scattering hay remained in it. The car door next to the track of defendant's road was left open. On the 18th of March, 1887, while a stiff wind was blowing in the direction from the car towards the mill where plaintiff's property was situated an engine drawing freight cars on defendant's road went south and stopped near the said box car. Plaintiff introduced evidence tending to show that this engine threw large sparks when leaving the box car. A short time after the train on the defendant's road passed on, a log train on the Melrose road passed by the box car. The train on the Melrose road passed as near the mill and box car as the train on defendant's road. A very short time after the Melrose train passed, the box car was discovered to be on fire, and the flames from it soon extended to the mill and burned it, together with plaintiff's property. The mill was put up after the defendant's road was constructed, and was not over fifteen or twenty feet from the car standing on the side track. Plaintiff and two other men were present at or near the mill when the fire was discovered, but on account of the rapidity with which the flames spread they were unable to save any property. There was testimony that defendant's said engine set out fire about five hundred yards from the mill on the same trip, and large cinders were seen on the track in the rear of this train on its approach to the mill. There was testimony also that the Melrose en-

gine threw sparks as bad as defendant's engine, but none were seen on the day of the fire. When the car was discovered to be on fire the section master of defendant's road made an effort with the plaintiff to move the car, but they were unable to get it away. There is a conflict of testimony as to the time of day when defendant's engine passed the mill, plaintiff contending that it passed some fifteen or twenty minutes before the fire, and defendant insisting that it passed at least one hour.

The declaration contains but one count, and the gist of the action as therein stated is, that the defendant company so neglected and unskillfully managed its engine and the fire and the burning matter therein contained, and said engine was so insufficiently and improperly constructed, that sparks from said fire and portions of said burning matter escaped and flew from said engine to and upon a building in which plaintiff's property was situated, whereby said building and property were burned and totally destroyed. Issue was joined upon all the pleas of defendant. The objec- of pleading is to ascertain with certainty and precision, the matters of fact which are affirmed on the one hand and denied on the other, and which are mutually proposed and accepted by the parties for decision. It is clear that plaintiff's cause of action is based upon the negligent construction or negligent use of defendant's locomotive engine, whereby sparks and burning matter

escaped from it and caused the fire. The question submitted by the pleadings is whether or not defendant caused the fire by reason of a defective engine or the unskillful management of the engine. The negligence of defendant submitted to the jury for investigation by the charge under consideration consists not in causing the fire, but in allowing loose dry hay to remain in a box car near plaintiff's property, and in negligently permitting fire to be communicated from said car to plaintiff's property. The origin of the fire is lost sight of in this charge, and under it the jury were authorized to find for the plaintiff although the defendant did not in any way cause the fire, provided they believed that it negligently permitted loose dry hay to remain in the car near plaintiff's property, and negligently permitted the fire to be communicated from said car to plaintiff's property and destroy it. If it be conceded that this charge embodies a good cause of action against the defendant, it is evident that it is not contained within the issues made by the pleadings. Appellee contends, however, that his right to recover is co-extensive with the case made by the evidence introduced on the trial, and the trial judge was authorized to go outside of the issues joined between the parties and instruct the jury to find for the plaintiff to the extent justified by the evidence. Respectable authorities hold that the pleadings are merely to notify the opposite party of the ground of action or defense, and where a party fails to object to evidence because it is not relevant to the issues, the court is justified in instructing the jury upon

the whole evidence, and is not confined in his instructions to the issues made in the pleadings.   The correct view, we think, is that the instructions must be confined to the issues made by the pleadings; and this rule has been recognized in our State.   In the case of Porter vs. Ferguson, 4 Fla., 102, an action of assumpsit was instituted by Ferguson against Porter, based upon a verbal agreement by which the former undertook to make and send to the latter, who was a merchant at Key West, arrowroot to be shipped thence to New Orleans, and Porter promised to receive the arrowroot and ship it to New Orleans for sale in that market, and to account to Ferguson for the proceeds.   The declaration further averred that in pursuance of such agreement and understanding, Ferguson shipped to Porter 1725 pounds of arrowroot worth $140, which was received by him, but contrary to said agreement and understanding he shipped it to Charleston and it got lost at sea, by reason whereof the defendant became liable to pay plaintiff the value of said arrowroot.   The plea was *non assumpsit*.   The following instruction was given for the plaintiff on the trial of that cause, *viz :*   "If the jury believe from the testimony that it was the usage of trade for consignees for shipment at Key West to insure on goods of others sent to them for shipment, without instructions as to insurance, and that J. Y. Porter shipped the arrowroot in question without insuring it, and it was lost at sea, he was liable for the loss, and they ought to find for plaintiff."   In speaking of this charge this court says :

"Now, what has this instruction to do with the issue which the jury were sworn to try? The instruction directs the attention of the jury to a breach of the contract or agreement, when the breach is not put in issue by any plea—a breach, too, which is not alleged in the declaration. The breach alleged is for shipping to Charleston, when he was bound by his undertaking to ship to New Orleans, whereby the goods were lost— the deviation is the gist of the breach; the negligence or omission to effect an insurance on the goods against the perils of the sea, which, by the usage of trade, he should have done is not charged. Whether the instruction is or is not correct in point of law, is here not necessary to be decided—it was not in issue, and therefore, irrelevant, and should not have been given; and if it tended to mislead the jury, and withdrew their minds from the consideration of the true issue it is erroneous. In the case of McKay vs. Friebele, 8 Fla., 21, the court in speaking of the relevancy of instructions to the issues says: "In order to determine the correctness and appropriateness of an instruction which may be given to the jury, resort must always be had to the evidence upon which the instruction is based. That evidence, whether parol or documentary, is to be found only in the 'bill of exceptions,' whose peculiar office it is to give the incidents occurring in the progress of the trial, from the joining of the issue to the rendition of the verdict. It may be laid down as a general rule, subject to but one exception, that wherever the error complained of is predicated

upon the instructions of the court below, the whole evidence, or, at least, so much thereof as forms the basis of the instruction, must appear in the ' bill of exceptions accompanying the record of the cause. The exception alluded to is where the instruction is manifestly without the limits of the issue joined between the parties, and is likely to mislead the jury in making up their verdict. In such case, no reference to the evidence can be of any avail in determining the correctness of the instructions, and the court may pronounce upon it even in the absence of the bill of exceptions, provided it be properly attested by the signature of the judge below." In the case of McKay vs. Bellows, 8 Fla., 31, the same rule was announced. In this case suit was instituted by the indorsee of a promissory note against the maker. The pleas were: 1st. A failure of consideration; 2nd. A partial failure of consideration; and 3rd., a want of consideration. The court instructed the jury " that to sustain the defendant's plea of fraud, it must be proved to them that there was fraud by McCarty in the sale of the horse to McKay, and that there was fraud between Bellows and McCarty in the purchase of the note, and it must be proved that Bellows was notified of the fraud between McCarty and McKay in the sale of the horse before he purchased the note." A verdict was rendered for plaintiff. There was no bill of exceptions in the record, and hence no evidence before the appellate court upon which the in-

stuction was based. The judgment in this case was reversed on the ground that the instruction was manifestly without the limits of the issue joined between the parties, and is likely to mislead the jury in making up their verdict. In the case of Hooker vs. Johnson, 10 Fla., 198, it was held that wherein an action of covenant the plaintiff avers in his declaration full performanace on his part, and that is the issue to be tried, it is improper for the judge so to instruct the jury as to raise the question of excuse for non-performance by the plaintiff. In this case the court held that while it was error to give such a charge, it was not satisfied that the jury was misled by it. The rule recognized by our own decisions in the above cases is sustained by ample authority. Proffatt of Jury Trial, sec. 313, says that "the instructions should be confined to the issues, is a leading cardinal rule." The following cases maintain the same view: Glass vs. Gelvin, 80 Mo., 297; Capital Bank vs. Armstrong, 62 Mo., 59; Marx vs. Schwartz, 14 Oregon, 177; Memphis & Charleslon Railroad Co. vs. Chastine, 54 Miss., 503; Nollen vs. Wisner, 11 Iowa, 190; Draper vs. Ellis, 12 Iowa, 316; Terry vs. Shively, 64 Ind., 106; Boardman vs. Griffin, 52 Ind., 101; Flanagan's Administrator vs. The City of Wilmington, 4 Houston (Del.), 548; Henry vs. Davis, 7 W Va,, 715; Kennedy Brothers vs. Mobile & Girard R. R. Co., 74 Ala., 430.

The judge who presides at the trial of this case presented by instructions to the jury defendant's liability

under the issues raised by the pleadings, but the second instruction presented a view of the case not embraced in the issues and was calculated to mislead the jury in their verdict. We cannot say that the jury did not base their findings against defendant under this instruction. The view of this charge, that defendant is liable if its employes negligently permitted fire to escape from the car to plaintiff's property, would call for further consideration, even if the charge was not obnoxious to the rule above pointed out. Our decision is based, however, upon the view that the instruction under consideration was without the limit of the issues joined between the parties and was likely to mislead the jury in making up their verdict, and was for this reason erroneous.

Counsel for appellant contend in their brief filed in this court that the record shows that the jury were sworn "the truth to speak," which was error, and the verdict and judgment were improperly entered thereon. The bill of exceptions shows that the jurors "were sworn to try the said issues in manner aforesaid joined." The record does not show that defendant below took any exception to the manner in which the jury was sworn at the time, and the objection is presented for the first time in this court. We discover no error in the record in reference to swearing the jury, and if an irregularity in this respect did exist, the objection here urged comes too late for consideration. Seymour vs. Purnell, 23 Fla., 232; Pearce vs. State, 14 Fla., 153.

The only point discussed by appellant here under the fourth assignment of error is, that the verdict was contrary to the evidence. As the case must be remanded for a new trial, we refrain from expressing any opinion as to the sufficiency of weight of the evidence.

For the error in giving the second charge in behalf of the plaintiff below, the judgment is reversed, and a new trial awarded.