Louisville and Nashville Railroad Company, *Plaintiff in Error*, v. Moses Guyton, Jr., *Defendant in Error*.

Negligence—No Recovery On Cause of Action Not Alleged—Charges Must Be Confined To Issues Made By Pleadings.

1. There can be no recovery upon a cause of action, however meritorious it may be, or however satisfactorily proved, that is in substance variant from that which is pleaded by the plaintiff.

2. The instructions of the court must be confined to the issues made by the pleading; and it is error for the trial court to instruct the jury that they may base their verdict in favor of plaintiff upon a cause of action, however meritorious or satisfactorily proved, that is substantially different from that which he has alleged.

This case was decided by Division A.

Writ of error to the Circuit Court for Jackson county.

### Statement.

The defendant sued the plaintiff in error in the Circuit Court of Jackson county in an action for damages for personal injuries received by the plaintiff in coming in contact with the wheels of the defendant's cars. There was verdict and judgment for the plaintiff, to review which the defendant took writ of error.

The declaration in the case is as follows:

### I.

"For that whereas, heretofore, to-wit: on or about the 28th day of February, A. D. 1901, the defendant was a railroad company and was engaged in operating a railroad and running locomotives and cars upon steel rails elevated upon a road-bed and track, and upon said day in the county and State aforesaid, by the running of said cars ran against and upon plaintiff with great force and violence with said cars, and that said cars, upon said steel rails, ran over and upon the plaintiff, thereby crushing, bruising and wounding his feet, until the toes upon the same had to be amputated and removed, rendering him cripple, maimed and deformed, and thereby inflicting great shock to the nervous system of the plaintiff, and thereby causing him great pain, suffering and anguish of mind ·and body, and caused him to be sick, sore and disordered, and caused him great loss of time from his occupation, to the plaintiff's damage in the sum of two thousand dollars."

190    SUPREME COURT OF FLORIDA,

Louisville & Nashville R. R. Co. v. Guyton.—Statement of Case.

## II.

"For that whereas, heretofore, to-wit: on or about the 28th day of February, A. D. 1901, the defendant was and still is engaged in operating a certain railroad extending through the counties of Escambia, Santa Rosa, Walton, Holmes, Washington, Jackson, and into the county of Gadsden in the State of Florida, and was running its cars, carriages, locomotives and trains as a common carrier for the transportation of persons, upon a steel track constructed for said purpose, but the said defendant, unmindful of its duty in that it did not keep its grounds and premises at and near its depot or station at Marianna, Jackson county, Florida, used for receiving and discharging passengers and the approaches thereto and the pass ways therefrom in a safe condition, in this: it had negligently erected upon said ground, so used for receiving and discharging passengers, an obstruction in the pathway of people passing by and to and from its trains of cars. The said obstruction consisted of a raised embankment of earth confined in certain pieces of lumber, and by reason of which embankment, on the day and date aforesaid, while plaintiff was lawfully upon the aforesaid premises of the defendant and passing along by a moving train being operated and run by the said defendant, the said plaintiff struck upon the aforesaid obstruction and fell upon the same and under the said cars composing the said train and under the wheels thereof, whereby the movements of the said train, upon the steel track aforesaid, the said plaintiff was crushed and bruised and injured, his feet were crushed until it was necessary to remove his toes by amputation thereof, his nervous system severely shocked, and he suffered other wounds and permanent injury and great pain and suffering to mind and body, and great expense for medical care and nursing and great loss of time from his occupation, and great sickness and disorder, to the damage of the plaintiff in the sum of two thousand dollars."

VOL. 47, JANUARY TERM, 1904.          191

Louisville & Nashville R. R. Co. v. Guyton.—Statement of Case.

### III.

"For that whereas, also heretofore, to-wit: on or about the 28th day of February, A. D. 1901, the defendant was and is still engaged in operating and running a certain railroad extending through the counties of Escambia, Santa Rosa, Walton, Holmes, Washington, Jackson and into the the county of Gadsden, in the State of Florida, and was running its locomotives, cars, carriages and trains as a common carrier for the transportation of goods and persons upon a steel track constructed for said purpose, and on said day the said defendant and its employees and servants in charge of said train were, at its station or depot in the town of Marianna in the county of Jackson, negligent in such running and operation of the same by elevating in the pathway of persons passing and leaving the said train a stool used to assist passengers entering said train, whereby the plaintiff in leaving the said train struck against the said stool and stumbled and fell and fell under said train and cars composing the same, and under the wheels under said cars of said train, and said train did run over said plaintiff, thereby crushing, bruising and wounding his feet until the toes upon the same had to be amputated and removed, rendering him cripple, maimed and deformed and thereby inflicting great nervous shock to the plaintiff, and thereby causing him great pain, suffering and anguish of mind and body and caused him to become sore, sick and disordered and caused him to incur great expenses for nursing and medical attention and caused him great loss of time from his occupation, to the plaintiff's damage in the sum of two thousand dollars."

The plea of the general issue, or not guilty, was interposed to each of these counts of the declaration, and upon the issues thus joined the trial was had.

*Blount & Blount* for plaintiff in error.

*Benj. S. Liddon* for defendant in error.

192      SUPREME COURT OF FLORIDA,

Louisville & Nashville R. R. Co. v. Guyton.—Opinion of Court.

TAYLOR, C. J. (*after stating the facts*).—The court gave to the jury, among other charges, the two following: "But if the plaintiff's injury was caused by contact of the plaintiff with the terrace in question, and the negligence of the defendant or its agents either in putting in motion its cars with undue suddenness, or without due warning, or in negligently having the stool in question in the way, and such negligent acts or any of them contributed directly to plaintiff's injury, you will find for the plaintiff."

"It was the duty of the defendant to give reasonable and due notice or warning of the starting of its train, and if it failed to do this, such an omission would be negligence upon its part. If it was so negligent, and this negligence was the direct or one of the direct proximate causes of the plaintiff's injury, you will find for the plaintiff."

The court below erred in giving both of these charges, and both of them are erroneous for the same reasons.

The first of them in effect tells the jury to find for the plaintiff if they find that the defendant was negligent either in putting in motion its cars with undue suddenness, or without due warning, and that such negligence contributed directly to plaintiff's injury. The second one tells the jury in effect to find for the plaintiff if they found that the defendant was negligent in giving reasonable and due notice or warning of the starting of its train, and if they found such negligence to have been the direct or one of the direct proximate causes of the plaintiff's injury.

By an inspection of the plaintiff's declaration, copied *supra,* it will be seen that neither of these phases of negligence is relied upon or alleged as the plaintiff's cause of action. The first count of the declaration does not charge any negligence whatever, either general or specific. The failure of duty relied upon and specifically alleged in the second count is the negligent erection in the pathway of persons passing by and to and from the defendant's trains, at its depot in Marianna, of a raised embankment or walk way. The only negligence either generally or specifically

alleged in the third and last count is the elevating in the pathway of persons passing and leaving the trains of a stool used to assist passengers in entering the trains.

In *Parrish v. Pensacola & A. R. Co.,* 28 Fla. 251, 9 South. Rep. 696, it is held that there can be no recovery upon a cause of action, however meritorious it may be, or however satisfactorily proved, that is in substance variant from that which is pleaded by the plaintiff. *Wilkinson v. Pensacola & A. R. Co.,* 35 Fla. 82, 17 South. Rep. 71. And in *Jacksonville, T. & K. W. Ry. Co. v. Galvin,* 29 Fla. 636, 11 South. Rep. 231, it is held that the instructions of the court must be confined to the issues made by the pleading, and that it was error for the trial court to instruct the jury that they may base their verdict in favor of plaintiff upon a cause of action, however meritorious or satisfactorily proved, that is substantially different from that which he has alleged. *Jacksonville, T. & K. W. Ry. Co. v. Neff,* 28 Fla. 373, 9 South. Rep. 653.

We have examined the other charges requested by the defendant and refused, and that are assigned as error and not abandoned here, but find no error in such refusals. We deem it unnecessary to discuss the other errors assigned and argued.

For the errors found the judgment of the Circuit Court in said cause is hereby reversed, and a new trial ordered, the cost of this appellate proceeding to be taxed against the defendant in error.

HOCKER and SHACKLEFORD, JJ., concur.

CARTER, P. J., and MAXWELL and COCKRELL, JJ., concur in the opinion.