S. G. WALTER, PLAINTIFF IN ERROR, v. THOMAS L PARRY, DEFENDANT IN ERROR.

1. Where a bill of exceptions states that "the defendant did on the 24th day of April, 1905, by virtue of the said order herein made, present to the court the testimony taken in said case together with the objections therein and his assignment of error upon which to settle the bill of exceptions and on this day did present this his bill of exceptions to the rulings of the said judge and request him to sign the same, to the signing of which bill of exceptions the plaintiff" did object on the ground that no such bill of exceptions as contemplated and required by the rules of practice and the laws of Florida was presented to the court or signed by the court within the ninety days allowed therefor "which objection the court did then and there overrule * * * and the said judge after due notice * * * did sign this bill of exceptions this 24th day of June, 1905," and there is nothing in the transcript to show what time was allowed within which to make up and settle the bill of exceptions, it will be presumed that such bill was made up and presented to the court within the time allowed by the said order made for that purpose.

2. In an action for deceit the plaintiff must set out the false representations on which the charge is based.

3. There can be no recovery upon a cause of action, however meritorious it may be, or however satisfactorily proved, that is in substance variant from that which is alleged in the declaration.

4. The instructions of the court must be confined to the issues made by the pleadings, and it is error for the trial court to instruct the jury that they may base their verdict in favor of the plaintiff upon a cause of action, however meritorious or satisfactorily proved, that is substantially different from that which he has alleged.

5. Where a charge given is erroneous injury is presumed, and will be cause for reversal unless from an inspection of the whole record the court can say affirmatively that the jury could not have been misled thereby.

6. In an action for deceit a charge which instructs the jury that they must find for the plaintiff if they believe from the evidence that certain false representations were made as inducements and were relied on, is erroneous, when such representations are substantially different from those alleged in the declaration; and the judgment will be reversed where it does not appear that the jury could not have been misled by the erroneous charge.

This case was decided by Division A.

Writ of Error to the Circuit Court for Orange County.

The facts in the case are stated in the opinion of the Court.

*Massey & Warlow*, for Plaintiff in Error.

*Beggs & Palmer*, for Defendant in Error.

WHITFIELD, J. Action for deceit was brought in the Circuit Court for Orange county by Thomas L. Parry against S. G. Walker. Plea of general issue.

The defendant seeks relief here by writ of error to a judgment obtained by the plaintiff.

The only errors insisted on in this court relate to charges given or refused.

There is a motion by defendant in error to dismiss the writ of error on the ground that the bill of exceptions was not signed within the time allowed by the trial court. Rule No. 97 of the Circuit Court Rules provides that

"The bill of exceptions shall be made up and signed during the term of the court at which the verdict is rendered or trial had, unless by special order further time is allowed. In case such special order is made, it shall be entered in the minutes, and in making up the bill of exceptions the fact that such an order was made, shall be mentioned therein, or shall otherwise appear in the record."

Immediately preceding the bill of exceptions it is recited that "after the adjournment of said term, by virtue of a special order to that effect, the defendant made up and tendered his bill of exceptions," and the bill of exceptions states that "the defendant did, on the 24th day of April, 1905, by virtue of a special order herein made, present to the court the testimony taken in said cause, together with the objections therein, and his assignment of errors, upon which to settle the bill of exceptions, and on this day did present his bill of exceptions to the rulings of the said Judge, and request him to sign the same, to the signing of which bill of exceptions the plaintiff, Thomas L. Parry, by his counsel, did object" on the ground that "on the 16th day of February, 1905, a verdict was rendered in favor of the plaintiff, motion was made and overruled by the court, and ninety days was given the defendant in the court below in which to make up and present his bill of exceptions in said cause; that no such bill of exceptions as contemplated and required by the rules of practice, and the laws of the State of Florida, was presented to the court or signed by the court within the said ninety days, and no extension of time was asked for or granted by the said court; that the only papers filed with the court within the said ninety days was a transcript of the stenographer's report of the evidence

taken at the trial and the assignment of error of the defendant in the court below. Which objections the court did then and there overrule, to which ruling of the court the said Thos. L. Parry, by counsel, did then and there except, and the said judge after due notice to the plaintiff, the defendant in error, did sign this bill of exceptions this 24th day of June, 1905." The judgment entered by the court recites that a verdict was rendered by the jury for the plaintiff, that a motion for new trial was made and overruled, and that the court adjourned February 17, 1905, but no mention is made in the record proper of a special order allowing further time after the adjournment of the term for making up and signing the bill of exceptions. There is then no record evidence to sustain the ground of the objections made to the signing of the bill of exceptions based upon an order made by the court allowing only ninety days for making up and signing the bill of exceptions. No evidence to sustain this ground of the objection appears in the bill of exceptions. The objections as made by counsel were not self sustaining and there is nothing to show that the judge erred in overruling the objections to the signing of the bill of exceptions. Marsh v. Bennett, 49 Fla. 168, 38 South. Rep. 237; Livingston v. L'Engle, 22 Fla. 427.

The bill of exceptions recites that "the defendant did, on the 24th day of April, 1905, by virtue of a special order herein made present to the court the testimony taken in said cause, together with the objections therein, and his assignment of errors, upon which to settle the bill of exceptions, and on this day did present this his bill of exceptions." This is a sufficient showing that further time after the adjournment of the court was allowed by a special order made in the case and entered in the minutes of the court as required by Circuit Court

Rule No. 97 above quoted; and as the judge overruled the objections presented by counsel and signed the bill of exceptions with the above statement contained therein, it is presumed, in the absence of a contrary authentic showing, that such signing was within the time allowed by the special order made, and the motion to dismiss the writ of error on this ground must be denied. See Robinson v. Hartridge, 13 Fla. 501; Gleasser, Kuder & Ottensoser v. Hackett, 37 Fla. 358, 20 South. Rep. 532; Baker v. Chatfield, 23 Fla. 540, 2 South. Rep. 822.

One of the charges given by the court to the jury at the request of the plaintiff is as follows: "If the jury believes from the evidence in the case that the defendant Walker represented to the plaintiff Parry that the said grove had cost the owner fifty-two thousand dollars and that he, Walker, could procure it for Parry for sixteen thousand dollars, and that this sum was the lowest figure at which it could be bought; and if the jury further believe from the evidence that the said property had not cost the owner fifty-two thousand dollars as declared by the said Walker, and that the said statement had been made by the said Walker in order to induce the said Parry to buy the grove, and that Parry did rely upon such statements of the said Walker in making and entering into a contract of purchase for the said grove and was thereby damaged, then and in that case the jury must find for the plaintiff."

The defendant excepted to the giving of this charge and error is assigned thereon.

In an action for deceit the plaintiff must set out the false representations on which the charge is based. 8 Enc. Pl. & Pr. 899; 9 Ency. Pl. & Pr. 686, and cases cited. See also Mutual Loan and Building Association v. Price, 19 Fla. 127.

There can be no recovery upon a cause of action, however meritorious it may be, or however satisfactorily proved, that is in substance variant from that which is alleged in the declaration. Wilkinson v. Pensacola & A. R. Co., 35 Fla. 82, 17 South. Rep. 71; Louisville & N. R. Co. v. Guyton, 47 Fla. 188, 36 South. Rep. 84; Hinote v. Brigman & Crutchfield, 44 Fla. 589, 33 South. Rep. 303.

The instructions of the court must be confined to the issues made by the pleading, and it is error for the trial court to instruct the jury that they may base their verdict in favor of plaintiff upon a cause of action, however meritorious or satisfactorily proved, that is substantially different from that which he has alleged. Jacksonville, T. & K. W. Ry. Co. v. Neff, 28 Fla. 373, 9 South. Rep. 653; Louisville & N. R. Co. v. Guyton 47 Fla. 188, 36 South. Rep. 84; Savannah, F. & W. Ry. Co. v. Tiedeman, 39 Fla. 196, 22 South. Rep. 658.

Where a charge given is erroneous injury is presumed, and will be cause for reversal unless from an inspection of the whole record the court can say affirmatively that the jury could not have been misled thereby. Mayer v. Wilkins, 37 Fla. 244, text 261, 19 South. Rep. 632.

The declaration in this case alleges generally that the defendant "by false, fraudulent and deceitful representations and statements made by the plaintiff, and with the design and purpose to deceive and defraud the plaintiff, did induce the plaintiff to make and enter into a contract of purchase," &c., which general allegations are followed by the specific allegations "that the grossly excessive price of $16,000.00 agreed by the plaintiff to be paid for the property was fraudulently, falsely and deceitfully declared to be a fair and reasonable value; that the annual income from the said property was falsely, deceit-

24 S. C.

fully and fraudulently declared by the defendant to be
$4,000.00; that the amount of oranges on said grove at
the time of the making of the said contract, was falsely,
deceitfully and fraudulently declared by said defendant
to be $1,500.00; that the sum of $250.00 was falsely, de-
ceitfully and fraudulently declared by the defendant to
be sufficient for the necessary annual work and fertiliza-
tion of the said property."

The declaration does not allege "that the defendant
Walker represented to the Plaintiff Parry that the said
grove had cost the owner fifty-two thousand dollars;"
and a charge that if the jury believe from the evidence
that Walker so represented to Parry and that the prop-
erty had not cost the owner fifty-two thousand dollars
as declared by Walker, &c., the jury must find for the
plaintiff, is erroneous as a matter of law, for which error
the judgment must be reversed, where it does not appear
that the jury could not have been misled by the erroneous
charge. All the evidence in the case has not been certi-
fied to us, and we cannot affirm that the jury were not
misled as to the issues they were to determine. Hinote
v. Brigman & Crutchfield, 44 Fla. 589, 33 South. Rep. 303.

As to the other charges on which errors are assigned
it is sufficient to say that upon another trial of the cause
the charges given should be confined to the issues made
by the pleadings and the evidence adduced thereunder.

The judgment is reversed at the cost of the defendant
in error and the cause is remanded for a new trial.

SHACKLEFORD, C. J., and COCKRELL, J., concur.

TAYLOR, P. J., and HOCKER and PARKHILL, JJ., concur
in the opinion.