B. D. BANKS, Appellee, v. F. N. LOHMEIER, Appellant.

**ANIMALS:** Distraint—Burden on Distrainor. Ownership of dis-
1   trained stock being shown, a presumption arises that such
owner is entitled to the possession, unless the distrainor af-
firmatively establishes every fact making distraint legal: i. e.,
the distrainor of stock on a public highway must show (1) that
the stock was *not* there for travel or for driving, or (2), if it was
there for such purpose, that it was *not* under the "immediate
care and efficient control of the owner." (Sec. 2314, Code, 1897.)

**REPLEVIN:** Formal Allegation of Cause of Detention. Plaintiff's
2   formal allegation in replevin of *"the facts constituting the al-
leged cause of detention"* by defendant creates no issue—re-
quires no negativing evidence by plaintiff.

**ANIMALS:** Distraint—Proper Jurisdiction of Trustees. The right-
3   fulness of a distraint of stock is for the courts to decide—not
for the township trustees.

*Appeal from Clinton District Court.*—M. F. DONEGAN,
Judge.

MARCH 16, 1920.

ACTION to replevin stock distrained under the authority of Section 2314 of the Code of 1897. Judgment for the plaintiff. Defendant appeals.—*Affirmed.*

*Wolfe, Wolfe & Claussen,* for appellant.

*W. H. Palmer,* for appellee.

GAYNOR, J.—This is an action in replevin, in which the plaintiff seeks to recover the possession of two Jersey cows. He alleges that he is the owner, and entitled to their pos-
session. He also makes the formal allega-
1. ANIMALS: distraint: burden on dis-trainor. tions required by the statute, to wit, that they were not taken from him on a judg-ment or order of a court against him or

against the property, and states his best belief as to the claimed cause of detention.

Defendant answered that the cows were running at large, and trespassing upon the highway and upon his property, and that, acting under the statute, he distrained them, and holds under the statute authorizing such distraint; that, within 24 hours thereafter, he notified the plaintiff of that fact; that plaintiff refused to pay the damages; that, thereafter, he called the trustees of the township together, and had the damages assessed, and that plaintiff still refuses to pay.

The statute under which defendant justifies his withholding of the property from the plaintiff is Section 2314 of the Code of 1897, which reads:

"Swine, sheep and goats at all times, and, during the time and as required by a police regulation adopted according to law, stock shall be restrained from running at large. Animals thus prohibited from running at large, when trespassing on land, or a road adjoining thereto, may be distrained by the owner of such land, and held for damages done by them, and for the costs provided in this chapter; but stock *shall not be considered as running at large so long as it is upon unimproved lands and under the immediate care and efficient control of the owner, or upon the public roads for travel or driving thereon under like care and control.*"

Code Section 2317 provides:

"Within twenty-four hours after an animal has been distrained, Sunday not included, the person distraining * * * shall notify the owner of the animal thereof, and, if he fails to satisfy the damages and costs, such person shall within twenty-four hours after such notice to the owner, verbally or in writing, request the township trustees to appear upon the premises to view and assess the damages. When two or more trustees have met, one of them having previously

informed the owner of the land of the time and place of meeting, they shall assess the damages and costs. If the owner of the distrained animal refuses or neglects for two days thereafter to pay the amount thus assessed, one of said trustees shall put up in three conspicuous places in the township notices, describing the property, and naming a time and place of sale, which place shall be where the property is distrained, and time not less than five nor more than ten days thereafter, that said property will be sold between the hours of one and three o'clock in the afternoon."

Code Section 2318 provides the manner of making and prescribing the assessment, and directs the place where the same shall be filed and recorded, and further provides that the person aggrieved by the action of the trustees may appeal to the district court of the county.

This cause was submitted on a stipulation of facts. Among the facts conceded, we find that the plaintiff, at the time this action was commenced, was the owner of the property in controversy. The fact of ownership draws with it the right of possession. If nothing further appeared, the law raises the presumption that plaintiff is entitled to the possession of it, as against the world. As said in *Cassel v. Western Stage Co.*, 12 Iowa 47, which was an action in replevin:

"Title to personal property ordinarily carries with it the right to the possession. And yet it is true that the title may be in one person, and the right to the possession in another. In such action it is unnecessary, even if plaintiff claims possession, as resulting from his ownership, that he shall so state. It is sufficient for him to allege his right to the possession, and maintain this by proof of ownership, which, in the absence of proof to the contrary, carries with it the other right."

So the concession in the stipulation that the plaintiff

is the owner of the property, makes a prima-facie case for the plaintiff of right to the possession, and, in the absence of proof to the contrary, establishes in the plaintiff the right to the possession.

It is true that plaintiff, in his petition, stated his belief as to the alleged cause of detention. This, however, is a merely formal averment, and only made necessary by the statute. It does not make an issue, and does not require the plaintiff to negative the alleged cause of detention. The real question between the parties in all replevin suits is, Who is entitled to the possession of the property at the time the suit is brought? It will be noted that the statute (Section 4163 of the Code of 1897) does not require the defendant to allege that the detention was wrongful. In the Code of 1851, such allegation was necessary; and, in *Draper v. Ellis*, 12 Iowa 316, it was held that the wrongful detention is the gist of the action, and a failure to allege in the petition that the property was wrongfully detained, may be taken advantage of by demurrer, or by motion in arrest of judgment. Under the Code of 1851, under which that decision was made, it was necessary for the plaintiff to allege that the property was wrongfully detained, and, therefore, necessary for him to prove that the detention was wrongful. See *Kennedy v. Roberts*, 105 Iowa 521. Under the statute as it now is, he is only required to allege the facts constituting his right to the possession. Upon proof that he is the owner of the property, the right to possession follows, as a legal consequence of the ownership, and *prima facie* establishes such right.

2. REPLEVIN: formal allegation of cause of detention.

Now, if we start with the proposition that it is conceded that plaintiff was the owner of this property, it follows logically that he is entitled to the possession of it, unless the defendant affirmatively establishes the facts on which he relies to defeat the right to the possession. The

only statement in the stipulation of facts bearing upon this branch of the case is that said cattle were distrained by the defendant *while on the road or public highway, where the said highway passes the land of the defendant,* and that plaintiff had been watching the cows from inside his yard, but went to slop his hogs, and was gone from 5 to 7 minutes, during which time the defendant took the cows. It will be noted from the statute that the right of the defendant to distrain and hold these cattle depends upon the existence of the facts found in the statute which authorizes him to do so. These facts are as follows: (1) That the animals were prohibited from running at large, either by the express terms of the statute, or by a police regulation adopted according to law, distraining stock from running at large. On this point, we find the stipulation saying that "the so-called herd law was in effect in Clinton County at the time these cattle were distrained;" so we may assume that stock generally were distrained from running at large, by police regulation, at the time this distraint was made. (2) Were the stock running at large at the time the distraint was made? The statute provides that animals prohibited from running at large, in violation of the inhibition, may be distrained by the owner of land, and held for damages done by them, and for costs, *when trespassing on his land or on a road adjoining thereto.* The mere fact that the cattle were on a road adjoining defendant's land does not, in and of itself, justify his distraining them under the statute, even though prohibited from running at large; for there is a further limitation upon this right. To justify the distraint, it must appear, not only that they were on the road at a place that justified distraint, but that they were not under the immediate care and efficient control of the owner; for the statute says that "stock shall not be considered as running at large so long as it is * * * under the im-

mediate care and efficient control of the owner," from which we read that the mere fact that cattle prohibited from running at large are found on a public road does not, of itself, justify distraint; for, if they are upon the public highway for travel or driving, under the immediate care and efficient control of the owner, they are not subject to distraint. The same statute which creates the right to distrain places limitations upon that right, and the person who seeks to exercise the right must, to justify the exercise of the right, negative these limitations. It follows that he must affirmatively show, not only that they were on the public highway, but that they were not there for travel or driving, under the immediate care and efficient control of the owner. The stipulation simply shows that they were on the road on a public highway, where said highway passes the land of the defendant. It does not show that they were not there for travel or driving, and it does not show that they were not under the immediate care and efficient control of the owner. The stipulation says that the plaintiff was watching the cows, from inside his yard, immediately preceding the distraint, but went to slop his hogs, and was gone from 5 to 7 minutes; that the defendant went to the place where the cattle were, and took them from the care and control of the owner; not that the owner permitted them to escape, or that they did escape from his care or control. It does not appear for what purpose these two cows were in the road. For aught that appears, they may have been there for the purpose of travel, or driving to pasture. So, at the threshold of this controversy, we are met with the proposition that the cattle were not running at large, and no affirmative showing that, while in the highway, they were not there for travel, or being driven; and it is not affirmatively shown that they were not under the immediate care and efficient control of the owner. These facts must affirmatively appear, to justify the distraint. Without an

affirmative showing of a right to distrain, the defendant cannot justify the distraint, as against the claims of the owner. Unless he does justify, the plaintiff's claim must prevail.

Township trustees have no authority or jurisdiction to determine the rightfulness of the distraint. Their only duty is to assess the damages, when the animals are rightfully distrained. The statute does not justify the trustees in determining, in any sense, the rightfulness of the distraint. The right to distrain must exist and be exercised, before trustees can take any action. The rightfulness of the distraint is properly determined in an action of replevin. See *Syford v. Shriver,* 61 Iowa 155.

3. ANIMALS: distraint: proper jurisdiction of trustees.

Other questions are raised, touching the legality of the action of the trustees. The determination of this case does not require their consideration.

We find that defendant has not justified the distraint, and his action in taking up the stock was illegal, under the stipulation here submitted. The action of the court must, therefore, be—*Affirmed.*

WEAVER, C. J., LADD and STEVENS, JJ., concur.