JACKSONVILLE, TAMPA & KEY WEST RAILWAY COMPANY, APPELLANT, vs. MILROY NEFF, APPELLEE.

VERDICT—WHEN SUPPORTED BY EVIDENCE WILL BE SUSTAINED.

When the majority of the members of the appellate court are of the opinion that a verdict and judgment appealed from is sustained by the evidence, and the record shows that certain maps and plats were used in evidence at the trial that are not contained in the record, and that may have exhibited circumstances to sustain the jury's view, and there are no other reversible errors in the record, the judgment appealed from will be affirmed.

Appeal from the Circuit Court for Clay county.

The facts in the case are stated in the opinion of the court.

J. R. Parrott, Fletcher & Wurtz and T. M. Day, Jr., for Appellant.

Walker & L'Engle, for Appellee.

TAYLOR, J.:

The appellee sued the appellant in the Circuit Court of Clay county in an action for damages for the alleged wrongful destruction by fire, negligently allowed to

escape from appellant's locomotive, of a lot of machinery of appellee. The cause was tried at the Fall term, 1891, of said Circuit Court before a jury and resulted in a verdict and judgment in favor of the plaintiff below for the sum of $4,783.33, from which judgment the defendant below appeals. This appeal brings the case before this court for the second time, it having been formerly tried at the March term, 1888, of said Circuit Court and resulted in a verdict and judgment for the plaintiff, which judgment was reversed by this court at its June term, 1891, because of errors in the charges of the court to the jury (Jacksonville, Tampa & Key West Ry. Co. vs. Neff, 28 Fla. 373, 9 South. Rep. 653).

After the reversal of the cause here on the former appeal the plaintiff amended his declaration, making it read as follows: "Said plaintiff sues the Jacksonville, Tampa and Key West Railway Company, a corporation organized and doing business under the laws of the State of Florida, defendant herein, and claims in said action five thousand dollars as damages from said defendant in the following circumstances: For that on the 18th day of March, A. D. 1887, a fire occurred at or near a point in said county of Clay, in said State, where a railroad operated by defendant crossed another railroad, called the 'Melrose Road,' which said fire destroyed certain valuable property of the plaintiff of about the value of four thousand dollars, then and there being in and near a saw mill owned by Buddington & Wilson, and situated in one of the angles made by the crossing of said railroad as aforesaid. A list of said property of said plaintiff destroyed by said fire as aforesaid is attached to the original declaration in said cause; and plaintiff alleges that near the crossing of said railroads, on the 18th day of

March, A. D. 1887, there was a spur track from said defendant's said railroad extending along the road called the 'Melrose Road,' a short distance, upon which there stood a box car in which was some loose, dry hay, the door of said car, on the side towards defendant's said railroad, being then and there open. Plaintiff further alleges that upon said 18th day of March, A. D. 1887, there was a strong wind blowing in the direction from defendant's said railroad towards said box car and said saw mill, in and near which was plaintiff's said property, and that whilst said wind was blowing as aforesaid, a locomotive engine possessed by defendant, and under the management of an engineer in defendant's service, and containing fire and burning matter, was being driven along the said railroad of said defendant, and by said engineer was stopped near to said saw mill building of plaintiff's said property, and that whilst leaving said place opposite said saw mill and box car, said engine threw out large sparks of burning matter, which then and there set fire to said loose hay in said box car, and in turn to said box car, which said fire was communicated from said burning box car to said saw mill and plaintiff's said properties, and the same were totally destroyed by said fire, the plaintiff being without fault, and unable to arrest or prevent the spread of the said fire, which was caused by the gross negligence of the defendant in not exercising due care or precaution in preventing the escape of said sparks from said locomotive engine; and the plaintiff alleges that the defendant so neglected and unskillfully managed said engine and the burning matter and fire therein contained, and the said engine was so insufficiently and improperly provided with a spark arrester, that said sparks from said fire and portions of the burning matter escaped

from said engine, whereby as aforesaid, the said box car was set on fire, and from it said fire was communicated to said mill and the plaintiff's said property, which was destroyed as aforesaid; plaintiff lost the use of the same, and was prevented from carrying on his business. Wherefore plaintiff says that he is injured and has sustained damages, and therefore he brings his suit and claims five thousand dollars as damages."

To the declaration as thus amendedly framed the defendant plead: 1st. The general issue, that it was not guilty. 2d. That the said supposed loss was occasioned by the plaintiff's own negligence. 3d. That the plaintiff contributed to his own negligence to cause the said supposed loss.

The only error assigned is the refusal of the court to grant the defendant's motion for new trial. The motion for new trial was upon the following grounds: 1st. The court erred in giving the charge requested by the plaintiff because it contained the words "to a lot of loose hay in a box car in possession of defendant, and which was on a spur track of defendant's railroad." 2d. Because the verdict is contrary to the evidence. 3d. Because the verdict is contrary to the law. 4th. Because the verdict is contrary to the charge of the court. The charge of the court excepted to in the motion for new trial, and assigned here as error is as follows: "If you believe from the evidence that on the 18th of March, 1887, in said county, sparks from one of the locomotive engines of defendant set fire to a lot of loose hay in a box car in possession of defendant, and which stood on a spur track of defendant's railroad running between its main track on which said locomotive engine stood and plaintiff's property, and that said fire ignited said box car,

and that it spread from the said car to plaintiff's property while a strong wind was blowing across said locomotive engine towards said box car and plaintiff's said property, and that said wind was blowing when said locomotive engine was on defendant's railroad opposite said box car and prior to the breaking out of said fire therein, and that said fire destroyed plaintiff's said property; and if you also believe from the evidence that said fire was the direct and natural consequence of the fire which started in said box car, and that this was caused by the negligent construction of said locomotive engine, or by the want of proper care or precaution in the management thereof on the part of defendant's engineer who had charge of said engine on the occasion in question, the verdict should be for the plaintiff in such sum as the evidence shows was the market value of the property at the time of its destruction, with interest thereon from the time it was burned to date of this trial."

There was no error in giving this instruction. The recital therein to the effect "that if sparks from the defendant's engine set fire to a lot of loose hay in a box car in possession of defendant, and which stood on a spur track of defendant's railroad running between its main track on which said locomotive engine stood and plaintiff's property, and that said fire ignited said box car, and that it spread from said car to plaintiff's property while a strong wind was blowing, and destroyed plaintiff's property," coupled with the further declaration of the charge, that if the evidence showed that the fire in the box car was caused by the negligent construction of the defendant's engine, or to negligence in the operation thereof, and that the fire that destroyed plaintiff's property was the direct and natural consequence of the fire started by defendant's negligence in

the box car, was entirely proper under the issues made
by the pleadings and was in consonance with the proofs,
and could have no other influence upon the jury than
to impress them with the idea that it was not neces-
sary for the proofs to show that the fire that destroyed
the plaintiff's property was communicated directly or
immediately to such property from the defendant's en-
gine, but that if the defendant's negligence first set
fire to a box car on a spur track near plaintiff's prop-
erty which, in turn, was ignited by the burning box
car, and that it was the direct and natural consequence
of the fire started in the box car through defendant's
negligence, then that defendant would be liable. Un-
der the ruling of this court, condensed in the twenty-
sixth head-note to the case of Jacksonville, Tampa &
Key West Ry. Co. vs. Peninsular Land, Transp. &
Manuf'g Co., 27 Fla. 1, 9 South. Rep. 661, this was a
proper application of the doctrine of proximate cause
to the facts in proof. It is contended here for the ap-
pellant in opposition to the correctness of this charge,
that the cause was reversed upon its former appeal be-
cause of a similar charge declared by this court to be
error. There is no merit in this contention. At the
former trial the court below instructed the jury, in ef-
fect, that if the defendant *negligently permitted loose
hay in one of its box cars to remain exposed to fire*
from its engines near plaintiff's property, and that
plaintiff's property was destroyed in consequence of
such negligence, then defendant would be liable. This
charge was held to be erroneous because there was no
allegation in the pleadings to the effect that the negli-
gence that caused plaintiff's loss consisted in "*permit-
ting loose hay in defendant's box car to remain ex-
posed*," etc., and that the court's charges must be con-
fined to the issues made on the pleadings. In the pres-

ent instruction the permitting of loose hay to remain in a box car, is not set up as an element of negligence upon which the plaintiff has the right to recover, as was done in the charge at the former trial.

The member of the court who frames this opinion can not agree with the majority of the court as to the sufficiency of the evidence to sustain the verdict returned, but is of the opinion that it is wholly insufficient either to identify the defendant's engine as being the originator of the fire that destroyed plaintiff's property, or to establish actionable negligence on the defendant's part, and that the judgment below should be reversed; but the majority of the court think otherwise, and that in view of the fact that there have been two jury trials of this cause, both resulting in a verdict for the plaintiff, and that the present record shows that certain maps and plats of the premises and surroundings were used in evidence at the last trial, that are not brought up in the record, and that may have thrown material light upon the case as viewed by the jury, that the verdict is not shown to be contrary to, or unsupported by, the evidence. The judgment appealed from is, therefore, affirmed.

(Taylor, J., dissents from the judgment of affirmance on the ground that the verdict is wholly unsupported by the evidence).