Garrison v. Parsons—Syllabus.

ISAAC N. GARRISON AND VIRGINIA BARNETT, APPELLANTS, vs. FRED D. PARSONS, APPELLEE.

1. The husband is a necessary party defendant in a suit against a married woman to enforce a mortgage lien upon her property.

2. An answer by a devisee or heir of the mortgagor, filed in a suit for foreclosure of mortgage, which alleges that the mortgage in question, together with every other charge against the estate of the mortgagor, had been fully satisfied before the foreclosure suit was instituted, with further allegations tending to raise a presumption of payment, held sufficient on hearing on bill and answer.

This case was decided by Division B.

Appeal from the Circuit Court for Hernando County.

The facts in the case are stated in the opinion of the court.

*Angus Patterson* and *T. S. Coogler & Son,* for Appellants.

*W. S. Jennings,* for Appellee.

MAXWELL, J.

The appellee filed a bill against Isaac N. Garrison to enforce a mortgage given by one Laura M. Garrison upon property which upon her death passed to Isaac as her devisee. Garrison filed an answer to the bill wherein he alleged that before the filing of complainant's bill he had conveyed the mortgaged property by deed in fee simple to one Virginia Barnett, wife of William J. Barnett. Complainant thereupon amended his bill by making Virginia Barnett a party defendant, and had subpoena served upon her as such defendant. Decree *pro confesso* was entered against her for failure to plead to the bill. The defendant Garrison filed an answer to the amended bill, alleging that he had conveyed the mortgaged premises before the institution of the suit by warranty deed to Virginia Barnett, wife of William J. Barnett.

This answer further alleged that "said mortgage together with every other charge against her" (Laura M. Garrison's) "estate was fully satisfied" before the suit was instituted, supporting this allegation with the further averments that one Warren J. Parsons, from whom complainant had acquired the mortgage by devise, had while he was the owner thereof, been the executor of the estate of the mortgagor Laura M. Garrison and as such "took possession of the personal property of said Laura M. Garrison, collected the debts due the said estate, and having paid off and discharged in full every debt of, and claim against, said estate, on or about the first day of January, 1891, turned over and delivered to

this defendant as legatee under said will the balance of the personal property, amounting to the sum of $207.70, belonging to said estate." A certified copy of his return as executor, showing such payment to defendant, is as exhibit "B" made a part of the answer, which further alleges that "as no subsequent return has been made or filed by said Warran J. Parsons since that of exhibit 'B,' the same becomes, as it was intended to be, his final settlement as executor of said will."

The cause was set down for hearing on bill and answer, and a decree rendered for complainant foreclosing the mortgage. From this decree both defendants appeal.

It appears from the answer, which for the purposes of this hearing must be taken as true, that the mortgaged premises were, at the time of the institution of the suit for foreclosure, the property of one of the defendants, a married woman, whose husband is not made a defendant in the cause. The assignment of error based upon this failure to join the husband is well taken, and the decree rendered must be reversed for the want of a necessary party defendant.

We think that the answer should also have been sustained as sufficiently setting up the defense of payment. There is the more reason for holding the allegations upon this point sufficient to demand traverse, where, as here, the defense is interposed by an heir or devisee of the mortgagor, not himself a participant in the transactions involved in the suit. The complainant, Fred D. Parsons, on the other hand, claims through Warren Parsons, who was the executor of the mortgagor, and he, rather than the defendant, may be presumed to have knowledge of or access to any evidence bearing upon the matter, which may exist among the records or papers of him who was

21 S. C.

at the same time the owner of the mortgage and the exec-
utor of the mortgagor.

It is not necessary to determine the other questions
presented by the assignments of error.

The decree of the court below is reversed and the cause
remanded for such further proceedings as may be con-
formable to this opinion and chancery practice.