FRED D. PARSONS, APPELLANT, V. WILLIAM J. RAMSEY, AS EXECUTOR OF THE LAST WILL AND TESTAMENT OF ISAAC H. GARRISON, DECEASED, THEODORE S. COOGLER, SENIOR, AND FRANCIS B. COOGLER, APPELLEES.

1. In proceedings to foreclose a mortgage upon real estate where the answer does not deny the execution of the mortgage nor even call for proof, and admits all the allegations of the bill "not sufficiently answered, avoided or denied," and states facts from which payment of the mortgage indebtedness may be inferred, which is new matter in confession and avoidance not responsive to the allegations of the bill and therefore not evidence, the defendants are required to produce some proof of the facts avered from which payment may *prima facie* be inferred before the plaintiff has to make proof of the allegations of the bill.

2. In proceedings to foreclose a mortgage upon real estate where no testimony has been taken within the time

allowed by the rule and the answer contains a confession and avoidance and no general denial a decree for the defendants on the ground that the complainants have not sustained the bill is erroneous.

This case was decided by Division A.

Appeal from the Circuit Court for Hernando County.

The facts in the case are stated in the opinion of the court.

*Davant & Davant,* for Appellant;

*G. C. Martin,* for Appellees.

WHITFIELD, J.: The appellant filed a bill against Isaac N. Garrison to enforce a mortgage given by one Laura M. Garrison upon property which upon her death passed to her devisee, the said Isaac N. Garrison. The answer of Garrison stated that before the bill was filed he had conveyed the mortgaged property to one Virginia Barnett, wife of William J. Barnett. The bill was amended by making Virginia Barnett a party defendant and subpoena was served upon her as such defendant. A decree rendered in favor of the complainant was, upon appeal to this court, reversed. Garrison v. Parsons, 45 Fla. 335, 33 South. Rep. 525. In the subsequent proceedings it appears that Virginia Barnett and her husband conveyed the land to Theodore S. Coogler, Sr., and Francis B. Coogler, and that Isaac N. Garrison also executed a deed of conveyance of the land to Theodore S. Coogler, Sr., and Francis B. Coogler. It also appears that

Isaac N. Garrison died and that William J. Ramsey, as executor of the last will and testament of Isaac N. Garrison, deceased, with Theodore S. Coogler, Sr., and Francis B. Coogler, were made parties defendant in the foreclosure proceedings. The answer of the defendant William J. Ramsey, as executor of the last will and testament of Isaac N. Garrison, deceased, is not material to the issue in the case. The defendants, Theodore S. Coogler, Sr., and Francis B. Coogler, in their answer under oath, the oath not being waived, aver facts similar to those contained in the answer of Isaac N. Garrison held on the former appeal to be a sufficient setting up of the defense of payment. A master was appointed to take testimony as to whether the mortgage or any part thereof had been paid and if not to state an account. No testimony was taken by either party during the ninety days allowed under the rule. There was no order extending the time for taking testimony. The court sustained exceptions to testimony taken over the defendants' objections after the expiration of the time allowed by the rule for the taking of testimony.

The court in dismissing the bill on final hearing "considered, ordered and adjudged that the complainants have not sustained the allegations of their said bill and that the same should be dismissed."

The answer does not deny the execution of the mortgage nor even call for proof thereof; and it admits all the allegations of the bill "not sufficiently answered, avoided or denied." It states facts from which payment may be inferred. This is new matter in confession and

67—SC

avoidance not responsive to the allegations of the bill, and it is therefore not evidence. It tenders an issue accepted by the replication. The effect of this answer and the replication thereto is to require the defendants to produce some proof of the facts averred from which payment may *prima facie* be inferred, before the plaintiff has to make proof of the allegations of the bill.

As the parties appear to have misconceived the status and effect of the pleadings, the decree is reversed and the cause is remanded with leave to the trial court to allow the parties a reasonable time within which to take proper proofs under the issues of the case, or to make such orders in the case as justice demands.

SHACKLEFORD, C. J., and COCKRELL, J., concur:

TAYLOR and PARKHILL, JJ., concur in the opinion.

HOCKER, J., not participating.