FRED. D. PARSONS, *Appellant,* v. WILLIAM J. RAMSEY, EXECUTOR OF THE LAST WILL AND TESTAMENT OF ISAAC N. GARRISON, DECEASED, AND OTHERS, *Appellees..*

The evidence examined and found sufficient, under the rule heretofore laid down in this case, to sustain the finding of payment.

This case was decided by Division A.

Appeal from the Circuit Court for Hernando County.

The facts in the case are stated in the opinion of the court.

*Davant & Davant,* for appellant;

*G. C. Martin,* for appellees.

COCKRELL, J.—The law of this case has been settled upon two previous appeals, 45 Fla. 335, 33 South. Rep. 525, and 53 Fla. 1055, 43 South. Rep. 205, and the only question now open is the sufficiency of the evidence, un-

der the rules there laid down, to establish the fact of payment.

On the last appeal we held that the issue made by the pleadings required "the defendants to produce some proofs of the facts averred from which payment may *prima facie* be inferred, before the complainant has to make proof of the allegations of the bill," and on the prior appeal we directed attention to the fact that the complainant claimed through a mortgagee who was also the executor of the mortgagor, that the defendant was not a participant in the transactions involved in the suit, and that Parsons rather than Ramsey was "presumed to have knowledge of or access to any evidence bearing upon the matter, which may exist among the records or papers of him who was at the same time the owner of the mortgage and the executor of the mortgagor."

The circuit court upon hearing the evidence found that the proof of payment was sufficient to satisfy the rule and dismissed the bill.

Mrs. Garrison, the mortgagor, died in 1889, about eighteen years before the issue was joined and the evidence taken in this case and it is remarkable that the defendant should have been so fortunate as to retain all this time a witness who recalled with seeming clearness a conversation with the executor and then custodian of the mortgage in which he stated positively that the indebtedness between himself and Mrs. Garrison had been settled. This does not appear to have been a mere casual conversation between strangers that might easily have been misunderstood or misinterpreted. The witness and Parsons were on friendly terms with each other and with Mrs. Garrison, all residing in a small village where neighborhood affairs are generally known and discussed, and in the absence of counteracting proof it cannot be presumed that any other "indebtedness" was in the mind

of the parties to the conversation than the one of public record upon the widow's home.

It is further shown as a circumstance tending to indicate a payment, that while the mortgage note was long past due, the holder as executor had turned over to a legatee of the mortgagor certain personal property; had paid off other debts of the estate and though he survived Mrs. Garrison for six years, no attempt was made during his lifetime to enforce the mortgage. This was not conclusive evidence of the payment and there are some facts either shown in the transcript or admitted on the oral argument that weaken its force, yet taken in connection with the positive testimony as to the admissions by Warren J. Parsons, the complainant's predecessor and the entire failure to introduce any evidence to the contrary other than the possession of the note and mortgage which may have come into the hands of that predecessor, as Mrs. Garrison's personal representative, we agree with the chancellor in holding that the burden of proving payment has been met under the liberal rule heretofore announced as the law of this case.

The will directing the payment of all debts and the one "annual" accounting filed with the county judge by the executor showing certain receipts and disbursements, but not purporting to be a full and final accounting have little, if any, probative force.

The decree is affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J. concur;

TAYLOR and PARKHILL, JJ., concur in the opinion.

HOCKER, J., not participating.