F. S. LOOMIS AND JESSIE LOOMIS, HIS WIFE, *Appellants,*
v. JOHN P. DUBOIS, *Appellee.*

## Opinion Filed October 20, 1921.

1.  Even if there is technical error in an order striking a paragraph from an answer to a bill to foreclose a mortgage, it will not be held to be of such harmful character as to require a reversal of a decree of foreclosure if the defense set up in the stricken paragraph is contained in an amendment to the answer subsequently filed and the defendant had all the benefits of such defense that he would have had if the order complained of had not been made.

2.  Where in a mortgage foreclosure the defendant interposes a plea of payment the burden of proof of such defense is upon defendant.

3.  Where it is obvious that only part of the evidence is contained in the transcript of the record the question of whether the decree entered in the court below is supported by the proof is not open for consideration by this court.

4.  Where it is apparent that there is error in the description of the property in a final decree of foreclosure and it further appears that complainant is entitled to a foreclosure, the decree may be reversed with directions to enter a final decree foreclosing the mortgage upon the property described therein.

An Appeal from the Circuit Court for Dade County; H. Pierce Branning, Judge.

Reversed.

*R. B. Schallern,* for Appellants;

*D. J. Hefferman,* for Appellee.

WEST, J.—This is a suit to foreclose a mortgage on real estate located in Dade County. The bill of complaint is in the usual form with certified copy of the mortgage deed attached and made a part thereof. Defendants demurred to the bill and the demurrer was overruled. They then filed an answer, one paragraph of which was, upon motion of counsel for complainant, stricken. Within the time allowed an amendment to the answer was filed setting up the same defensive matter attempted to be set up in the paragraph of the answer previously stricken. Thereafter a master was appointed to take and report the testimony. Upon the coming in of his report final decree was entered foreclosing the mortgage as prayed. Appeal from this decree was taken and errors are assigned upon the orders overruling the demurrer to the bill, granting the motion to strike a paragraph in the defendant's answer, and entering the final decree.

The first assignment contains no merit. It is mentioned but not argued in the brief of counsel for appellants.

The defensive matter attempted to be set up in the paragraph of the answer which was stricken is contained in the amendment to the answer filed later, so that if there was error in the order granting the motion to strike, it cannot be said to have been harmful to defendants.

The defense interposed in the answer was of an affirmative character. The burden of proof was therefore upon defendants. Parsons v. Ramsey, 53 Fla. 1055, 43 South. Rep. 503; Edgerton v. West, 43 Fla. 133, 30 South. Rep. 797; Lakeside Press etc. Co. v. Campbell, 39 Fla. 523, 23 South. Rep. 878. It appears from the record of the evidence that various documents and letters were offered in evidence, none of which are copied in the transcript of the

record filed in this Court. We assume that they were before the Court below upon final hearing. Where it is obvious that only part of the evidence is contained in the transcript of the record the question of whether the decree entered is supported by the proof is not open for consideration by this Court. Acosta v. Gingles, 65 Fla. 507, 62 South. Rep. 582; Webb v. Brown, 63 Fla. 306, 58 South. Rep. 27; Jacksonville, Tampa etc. Ry. v. Neff, 36 Fla. 584, 18 South. Rep. 765; Pickett v. Bryan, 34 Fla. 38, 15 South. Rep. 681.

From the averments of the answer and the evidence it appears that prior to the institution of the suit something in the way of an agreement was entered into between the parties by which payment of the indebtedness was to be made part in cash and part by a conveyance from defendants to complainant of certain described lots of land. This agreement was never consummated and the controversy hinges around its terms and conditions and failure of consummation. In drafting the final decree it appears that by inadvertence or mistake the lands described in the answer, which under this alleged agreement defendants were to convey to complainant, and not the lands described in the bill of complaint and mortgage, were set out. Because of this error in the description of the property the decree will be reversed but with directions that a final decree of foreclosure be entered by the Court below upon the property described in the bill of complaint and mortgage attached thereto sought to be foreclosed.

Reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.