Central Hanover Bank & Trust Company, v. William J. Smith and Charles Dwiggins, as Liquidators of the First State Bank of Winter Haven.

184 So. 513.

Opinion Filed November 14, 1938.

*W. H. Hamilton* and *E. R. Baker,* for Appellant;

*Touchton & Crittenden,* for Appellees.

Chapman, J.—This case is here on appeal from a final decree entered in behalf of the plaintiff below by the Circuit Court of Polk County, Florida. The prayer of the bill of complaint was for the cancellation of record of a certain

real estate mortgage on orange grove property in Polk County. The bill of complaint asserted the payment of the mortgage and an agreement on the part of the mortgagee to cancel same of record. The answer of the defendant denied the material allegations of the bill of complaint and asserted that the mortgage sought to be cancelled of record was a subsisting lien, unpaid and was owned by the defendant, who purchased the same for value from the original mortgagee. The case was referred to a Master, evidence taken, and upon final hearing a decree was entered by the court below holding that the mortgage had been paid and ordered its cancellation of record.

The question for decision here is, did the lower court err in deciding the equities of the cause to be with the plaintiffs below and that the mortgage had been paid? The plaintiff below adduced some four or five witnesses who testified that the mortgage had been paid and that the money was paid to the First State Bank of Winter Haven and that an officer of the bank promised and agreed to cancel the same of record and to deliver the notes and mortgage to the party making the payment. The notes and mortgage before the court, with other collateral, had been delivered to the Central Hanover Bank & Trust Company for the purpose of securing a loan to the First State Bank of Winter Haven in the approximate sum of $150,000.00, and shortly after the assignment of the notes and mortgage in question the First State Bank of Winter Haven failed.

We have considered carefully the testimony of W. F. Hutchinson, Vice-President of the First State Bank of Winter Haven with reference to the years 1927 and 1928 that in the absence of the President of the Bank, Mr. Fouts, the witness handled the mortgage in question with Mr. W. J. Touchton, an attorney who represented the parties making the payment to the bank. The lower court no doubt was

impressed with the testimony of the Vice-President and the attorney for the parties to the effect that the notes and mortgage involved in this suit had been paid. The parties to the transaction likewise testified that the notes and mortgage had been paid. The record shows a number of Exhibits filed in evidence in behalf of the respective parties.

The only witness testifying to the contrary was an employee of the First State Bank of Winter Haven at the time the payment was made to the bank. We have carefully considered the testimony of the witness for the defendant, together with all Exhibits offered in evidence by the defendant. While it is true that the plaintiff below alleged in the bill of complaint that the mortgage had been paid and an agreement existed for a cancellation thereof by the officers of the defunct bank, the burden of proof was on the plaintiff to establish these material allegations by a clear preponderance of the evidence. We think the plaintiff below has clearly established the payment of the notes and mortgage by a preponderance of the evidence. See Meres v. Clayton, 97 Fla. 329, 120 So. 766; Drake Lumber Co. v. Semple, 100 Fla. 1757, 130 So. 577, 75 A. L. R. 687; Loomis v. Dubois, 82 Fla. 293, 89 So. 804; Parsons v. Ramsey, 55 Fla. 658, 45 So. 991.

The Chancellor below in the final decree said:

"7. The great preponderance of the evidence establishes and the Court accordingly finds that the Blood note and mortgage were discharged on the date of the closing of the deal between D. S. Story and the Bloods by agreement of the parties and the First State Bank through its executive Vice-President, W. F. Hutchinson, and that on said closing date, the said bank through its executive officer aforenamed, agreed that said mortgage would be satisfied of record; in fact, the great prepondence of the evidence establishes that on said closing date, that W. F. Hutchinson, as Executive

Vice-President of the bank, requested of the attorney for the Bloods, as a matter of convenience, that instead of bringing cash to the office of said attorney to pay the cash payment of $25,000.00 from Story to the Bloods, less the Federal Land Bank mortgage and interest money previously paid the Bloods by Story, that the amount of the Blood note and mortgage and accrued interest be deducted, and only the balance be brought to his office and paid in cash to the Bloods, with the understanding that the Blood note and mortgage be treated as paid and a satisfaction given by said bank."

This Court has commended the practice of findings of fact made by a Chancellor upon the theory that it facilitates the disposition of business in the appellate court and acts as a guide that may be followed in the examination of the evidence and that the conclusions of the Chancellor upon questions of fact as recited in a final decree are to be given proper consideration. See Day v. Weadock, 101 Fla. 333, 134 So. 525.

This Court is reluctant to interfere with the findings of a Chancellor upon questions of fact and such findings, when made, will not be disturbed unless the said findings are clearly erroneous. See Farrington v. Harrison, 95 Fla. 769, 116 So. 497; Atlantic Bank, etc., Co. v. Sengstak, 95 Fla. 606, 116 So. 267; Mock v. Thompson, 58 Fla. 477, 50 So. 673; Lucas v. Wade, 43 Fla. 419, 31 So. 231; Kent v. Knowles, 101 Fla. 1375, 133 So. 315, 317.

We have given careful consideration to the entire record, argument of counsel heard at the bar, and the briefs, and our conclusion is that the final decree appealed from should not be disturbed. It is fully supported by the evidence. The decree appealed from is hereby affirmed.

T<small>ERRELL</small>, C. J., and W<small>HITFIELD</small>, B<small>ROWN</small> and .B<small>UFORD</small>, J. J., concur.

T<small>HOMAS</small>, J., not participating.