PER CURIAM.
In this appeal by the plaintiffs-appellants from a final decree of the Circuit Court for Franklin County dismissing their complaint, the record on appeal contains nothing but the amended complaint, the answer thereto, the final decree appealed from, and the notice of appeal. The decree recites that a hearing was held on the pleadings, the evidence of the parties, the briefs, and argument of counsel, and' then sets forth the findings of fact made by the court upon the evidence and the conclusion of law that the plaintiffs were not entitled to a rescission of the *751 contract which they alleged was fraudulently made by the defendants-appellees. There is no record before us of the evidence that had been adduced before the Circuit Court when it entered the final decree. It is basic that an appellate court must found its judgments upon the official record before it. The duty is upon an appellant to demonstrate from the record that the order, judgment, or decree appealed from was erroneously or illegally entered by the lower court. If the appellant fails so to demonstrate, the appellate court is normally left with no recourse but to enter an order of affirmance. In addition to this impelling consideration, this final decree comes to us carrying the presumption of validity and, since this is a suit in equity, the chancellor who entered the final decree did so both as a judge of the law and as the trier of the facts. Under these circumstances we cannot say that the chancellor abused his judicial discretion in entering the final decree, which, therefore, must be and is affirmed.
STURGIS and CARROLL, DONALD K., JJ., concur.
WIGGINTON, C. J., specially concurs.