PEARSON, TILLMAN, Chief Judge.
The appellant, then plaintiff, brought a complaint in equity against his insurance carrier upon his automobile liability policy. The trial court dismissed the complaint. The question presented is whether the complaint stated a cause of action cognizable in equity.
The essential allegations of the complaint as amended are:
(1) The policy provided that the plaintiff was insured against stated liability.
(2) While the policy was in force, one of the automobiles included thereunder was involved in an accident out of which a claim arose.
(3) Plaintiff was sued and the company defended.
(4) The suit resulted in a judgment in an amount within the policy limits and demand was made upon the company to pay the judgment.
(5) The company paid the judgment, but did not satisfy it. Instead, the company took an assignment of the judgment in the name of their attorney.
(6) The judgment constitutes a cloud on the plaintiff’s good name and credit.
Plaintiff prayed for specific performance of the contract of insurance by satisfaction of the judgment and for attorney’s fees.
Appellant contends that only equity gives adequate relief. He claims a right to a decree expunging the offending final judgment from the public record or to a mandatory injunction.
The appellee contends that the plaintiff has an adequate remedy at law in that he could sue for damages for breach of the insurance contract. He relies upon Cook v. Central & Southern Flood Control District, Fla.App.1959, 114 So.2d 691, wherein it was held that a court of equity is without jurisdiction to decide a suit seeking only a money judgment.
It seems to us that the plaintiff-appellant seeks more than a money judgment. He says he wants to get a judgment of record satisfied, so that his credit will not be further impaired.
If the complaint is susceptible to this interpretation, and we think it is, then we must determine whether such relief may be granted under the law of this state, and if the complaint makes a case for such relief.
*358 Referring to the amended complaint, paragraph numbered five reads:
“5. Plaintiff further alleges that the Defendant insurance carrier has failed to satisfy said judgment and cost judgment hereinbefore described, but instead of satisfying said judgment has paid out various monies through their counsel of record in this cause, and thereafter secured an assignment of said judgment from the judgment creditor Stefanelli to Messrs. Angus M. Stephens and Dan A. Hames, all of which constitutes violation of the contract of insurance hereinbefore described, and a breach of their obligation to your Plaintiff, the Defendant’s insured.”
In fairness it must be stated that the complaint also says: “ * * * that to date these judgments [treating damages and costs as separate judgments] have not been * * * paid.” Construing the complaint as a whole and most favorably to the pleader, however, we think one must take the sense of it to be that the company has paid the judgment and taken an assignment of the judgment in the name of its attorneys who have no interest therein.
Florida has a statute (§ 701.04, Fla.Stat., F.S.A.) which deals with judgments, mortgages and liens paid but not satisfied:
"Cancellation of mortgages, liens and judgments. Whenever the amount of money due on any mortgage, lien or judgment shall be fully paid to the person or party entitled to the payment thereof, the mortgagee, creditor or assignee, or the attorney of record in the case of a judgment, to whom such payment shall have been made, shall enter on the margin of the record of such mortgage, notice of lien or judgment, in the presence of the custodian of such record, to be attested by said custodian, satisfaction of said mortgage, notice of lien or judgment, and sign the same with his, her or their hand; or shall execute in writing an instrument acknowledging satisfaction of said mortgage, lien or judgment, and have the same acknowledged or proven, and duly entered of record in the book provided by law for such purposes in the proper county.”
See also § 701.05, Fla.Stat., F.S.A.
In addition courts of equity in Florida have taken jurisdiction of suits to cancel the lien of a mortgage. Central Hanover Bank & Trust Co. v. Smith, 134 Fla. 845, 184 So. 513.
We think the plaintiff has a complaint and if he proves his allegations he ought to be given relief. Accordingly the order dismissing the complaint is reversed.
Reversed.