143 So.2d 535 (1962)
Samuel R. BERKMAN and Arthur Siegel, Appellants,
v.
MIAMI NATIONAL BANK, a United States Banking Association; Florida Carlsbad, Inc., a Florida Corporation; Rudolph T. Wagner; Milton Hoff, and the Dublin Co., a Florida Corporation, Appellees.
No. 61-683.
District Court of Appeal of Florida. Third District.
July 10, 1962.
Rehearing Denied August 22, 1962.
Dubbin, Schiff, Berkman & Dubbin, Miami, for appellants.
Frank & Weston and Peter Strelkow, Miami Beach, for Dublin Co.
Burton Harrison, Miami, for Miami Nat. Bank.
Glasel, Meyer & Leben, Hollywood, for Florida Carlsbad, Inc.
Hugh M. Tartaglia, Miami, for Rudolph T. Wagner.
Stanley S. Stein, Miami Beach, for Milton Hoff.
Before CARROLL, BARKDULL and HENDRY, JJ.
PER CURIAM.
Appellants seek review of an adverse deficiency decree subsequent to final decree and judicial sale. This decree, as all other orders, judgments or decrees brought to this court for review, arrives here with a presumption of correctness. City of Miami v. Hollis, Fla. 1955, 77 So.2d 834; Sedell v. Sedell, Fla.App. 1958, 100 So.2d 639.
In order to entitle an appellant to reversal, it is incumbent upon him to demonstrate harmful error in some action of the trial judge in the proceeding, resulting in the order, judgment or decree under review. Johnson v. Roberts, Fla. 1955, 79 So.2d 425; Bates v. Brady, Fla.App. 1961, 126 So.2d 750. It is also a recognized principle of appellate procedure that if a trial judge's order, judgment or decree can be sustained under any theory revealed by the record on appeal, notwithstanding the fact that the trial judge's order, judgment or decree may have been bottomed on an erroneous theory, the order, judgment or decree will be affirmed. In re Freeman's Petition, Fla. 1955, 84 So.2d 544; State Plant Board v. Smith, Fla. 1959, 110 So.2d 401.
Examining the record on appeal in this cause in light of the above principles, the appellants have failed to demonstrate that the chancellor erred in the entry of the deficiency decree and, therefore, it is hereby affirmed.
Affirmed.