HENDRY, Judge.
The defendant issued the plaintiff an insurance policy wherein it agreed to pay all reasonable medical expenses incurred by the plaintiff within one year from the date of any automobile accident.
On October 31, 1960 plaintiff was involved in an automobile accident whereby he sustained multiple injuries,' including injury to’his abdominal wall. Plaintiff was paid all medical expenses incurred from the date of *199 the accident until May 19, 1961 when defendant requested the plaintiff to submit to a lower gastro-intestinal x-ray series. Plaintiff refused to submit to the examination on the ground that he had been examined by defendant’s physicians on two previous occasions and that his own doctors had advised him that this particular examination would be harmful to his present physical condition.
Upon plaintiff’s refusal to submit to the test, defendant terminated medical reimbursement under its policy. Plaintiff thereupon instituted the instant suit for declaratory relief requesting the court to construe the applicable provision of his policy[1] and to determine whether the defendant’s request was reasonable.
At final hearing the chancellor took medical testimony from four doctors, two on behalf of each party, as to the effect such an examination would have upon the plaintiff’s present physical condition. The plaintiff’s doctors stated that such an examination would probably aggravate plaintiff’s condition and would serve no useful purpose. They acknowledged that they had advised the plaintiff against submitting to the requested x-ray procedure. Defendant’s doctors testified that the x-rays were necessary to discover whether plaintiff’s ailments were related to the accident and that such tests were not unusual or dangerous.
Chancellor found that the requested x-ray examination of the plaintiff’s lower gastro-intestinal tract was “reasonably required” under the terms of the defendant’s insurance policy and that the plaintiff’s refusal to submit to such examination was unreasonable. The chancellor found further that the plaintiff’s refusal constituted a “breach of a material condition of the contract”.
Plaintiff appeals from that final decree and contends that the chancellor erred in finding that he was obligated to submit to the examination. We find this contention to be without merit. Plaintiff further contends that even if such a finding is unassailable, the chancellor nevertheless erred in entering a decree which might be interpreted as denying him an opportunity to thereafter take such examination. We find merit in this contention.
No court reporter was present at the final hearing and therefore we have no means of reviewing the testimony from which the chancellor concluded that the defendant’s request for the examination was reasonable. This being an evidentiary matter, and the final decree having come to us with a presumption of correctness, we are left with no recourse but to affirm chancellor’s findings of fact.[2]
Plaintiff’s second contention, however, raises a question of law which we are able to review from the record before us. The suit in question was instituted by the plaintiff within a reasonable time after the dispute arose. By filing his complaint for declaratory decree the plaintiff sought a legal ruling as to whether he was required to submit to the examination in question. His refusal to submit to the examination prior to such ruling was based upon the advice of his physicians that such an examination would be harmful to him. This course of action, taken to avoid a breach of his insurance contract, should not result in his being precluded from now complying with the terms of said contract by submitting to said examination. The purpose *200 of the Declaratory Judgments Act would be defeated in a large measure if this result were not reached.
Further, in no event could the chancellor’s decree affect plaintiff’s rights under any section of his policy other than the medical payments section since this suit involves only his rights to medical payments.
Accordingly, this portion of the final decree is reversed and the cause is remanded for the entry of an order specifying the time within which the plaintiff shall submit himself to the examination in question or forfeit his rights to medical reimbursement under the policy for those expenses incurred after June 20, 1961.
Affirmed in part; reversed in part.

. The provision of the policy under which defendant sought to compel the ijlaintiff to submit to the examination in question states: “The injured person shall submit to physical examination by physicians selected by the Company when and as often as the company may reasonably require * * * ” (Emphasis supplied.)

. See Johnson v. Roberts, Fla.1955, 79 So. 2d 425; Loomis v. Dubois, 82 Fla. 293, 89 So. 804; City of Coral Gables v. Brasher, Fla.App.1961, 132 So.2d 442; Bates v. Brady, Fla.App.1961, 126 So.2d 750.