BARKDULL, Chief Judge.
The instant litigation arose out of a financial transaction between the appellant and the appellee, Banner Trading Co., Inc., and the appellee, Finkel, wherein the bank *202 issued certain lett-ers of credit for the purchase of foreign automobiles on behalf of Banner and, in connection therewith, the appellee, Finkel, executed an agreement of guaranty as to a portion of the letters of credit. As security (in addition to the guaranty), the bank held the titles to the automobiles and a portion of same were stored in bonded warehouses under the bank’s exclusive control. It was a typical financing arrangement, wherein the bank financed the purchase of the automobiles by Banner and was to be repaid its advancement from the sales of the automobiles. It held both the title and possession of the automobiles material to the determination of this cause, plus the guaranty of Finkel
Under circumstances not entirely clear in the record, after all the automobiles had been released from the bonded warehouse and disposed of, the bank was short on the repayment of the monies advanced and brought a suit at common law against Finkel on his guaranty. Thereafter, Finkel filed a chancery proceeding, contending that the bank had wrongfully released the automobiles securing the letters of credit, and sought to enjoin the common law action seeking to collect against him on his guaranty. The appellee, Banner Trading Co., Inc., joined in this chancery suit and sought an accounting (along with the appellee Finkel) of the receipts and disbursements of the bank plus damages. The two cases were consolidated for trial, at the conclusion of which the trial judge in the common law action (tried non-jury) entered a final judgment in favor of the appellee, Finkel, upon a finding that the bank had failed to sustain the burden of proof. He made extensive findings in the chancery cause, some upon contested issues to the effect that the bank had wrongfully disposed of the collateral security for its letters of credit and, therefore, the bank was liable to Banner Trading Co., Inc. for the loss sustained by Banner Trading Co., Inc., to wit: the gain it would have realized on the sale of the 40 automobiles unaccounted for. These appeals were prosecuted from the final judgment and said final decree, and were consolidated for purposes of record, briefs and oral argument.
Although assignments of error were appropriately filed contesting the correctness of the common law final judgment, no point was made on the appeal addressed to these assignments of error and, therefore, said assignments are deemed abandoned. 'See: Ramsey v. Aronson, Fla.App.1957, 99 So.2d 643; A. E. Finley and Associates, Inc. v. Medley, Fla.App.1962, 141 So.2d 613; Rule 3.7, subd. i, Florida Appellate Rules, 31 F.S.A. The only question preserved for review by this court was the propriety of the finding by the chancellor of the liability of the bank to Banner for the loss of profits it would have made on the 40 automobiles it wrongfully released. No question as to the amount of damages was preserved or tendered. The sole question was whether or not the bank was liable to Banner Trading Co., Inc.
The chancellor’s final decree arrived in this court with a presumption of correctness. See: Lynch v. Coppola, Fla.App.1961, 129 So.2d 183; Pitts v. Ahlswede, Fla.App.1962, 139 So.2d 159. The final decree having been determined upon contested issues of fact, if there is any evidence supporting same, it should be upheld. See: Wilson v. Rooney, Fla.App.1958, 101 So.2d 892; Dimarco v. King, Fla.App.1962, 139 So.2d 750. The bank contended that the loss accrued because of, what is apparently admitted by both sides, fraudulent activities engaged in by one of its officers, which would ordinarily render the bank liable. See: City National Bank v. McMann, 193 Ark. 967, 106 S.W.2d 195; Morrison v. Bank of Mount Hope, 124 W.Va. 478, 20 S.E.2d 790. However, the bank sought to vitiate this unlawful conduct of its officer by claiming that the officer was an agent in law for Banner and, therefore, Banner should not be permitted to recover under the doctrine announced in Taborsky v. Mathews, Fla.App.1960, 121 So.2d 61, quoting *203 with approval Justice Cardozo, wherein, upon finding dual agency, he said: “The law, in the words of Judge Cardozo, ‘ * * stops the inquiry when the relation is disclosed, and sets aside the transaction or refuses to enforce it * * * without undertaking to deal with the question of abstract justice in the particular case.' * The chancellor found contrary to the contention of the bank on this specific issue, and the appellant not having demonstrated error in this finding [See: First National Bank and Trust Co. of Eustis v. Wood, Fla.App.1960, 124 So.2d 27; Bates v. Brady, Fla.App.1961, 126 So.2d 750], the final decree rendered by the chancellor should not be disturbed.
Therefore, the final decree here under review under Clerk’s File -No. 62-705 be and the same is hereby affirmed, and the final judgment here under review under Clerk’s File No. 62-706 be and the same is hereby affirmed.
Affirmed.