ON PETITION FOR REHEARING
PER CURIAM.
Defendant suggests that we overlooked in our initial opinion his assignment of error No. 3, complaining about the trial court’s order assessing costs against the defendant. He is correct. We did overlook it.
We have examined the record and find this state of affairs. The defendant did file his assignment of error as mentioned. *686 However, the defendant did not include, directly or indirectly, this judicial act as a statement of a point or question in his brief. Further, the defendant did not mention this assignment of error in his brief with reference to the point that he did make or otherwise. Looking at defendant’s brief, we find a two-sentence paragraph on page 28 of the argument which comments upon the assessment of costs, and this is the sole mention.
Under Rule 3.7(f) (3 and 4)., F.A. R., 32 F.S.A., it is provided that appellant’s brief shall contain the points involved with specific assignments of error from which the points argued arise. We further note that in Rule 3.7 (i) “such assignments of error as are not argued in the briefs will be deemed abandoned and may not be argued orally.” (Of course, the court may notice judicial or fundamental error regardless, but such is not here involved.) We interpolate into this rule that assignments of error which are not “properly” argued will be deemed abandoned. And we think that defendant’s failure to include the assignment of error in the brief and to make the assessment of costs a point on appeal results in the abandonment of assignment of error No. 3.
Good practice, as well as Florida Appellate Rule 3.7(f) (4), compels that an appellant in his brief state the points relied on for reversal, and that specific assignments of error from which the points argued arise be stated. De Fonce Construction Co., Inc. v. Ewing, Fla.App. 1958, 99 So.2d 718. Although assignments of error are appropriately filed contesting the correctness of a judgment, if no point is made on appeal addressed to these assignments of error, they are deemed abandoned. Central Bank & Trust Co. v. Banner Trading Co., Fla.App.1963, 157 So.2d 201. Assignments of error not made points in the brief are considered abandoned. Schmidt v. Tracey, Fla.App.1963, 150 So.2d 275.
With this explanation of our understanding and application of the appellate rules, the appellant’s petition for rehearing is hereby denied.
Petition denied.
WALDEN, McCAIN and REED, JJ., concur.