WIGGINTON, Judge.
Appellants, who were plaintiffs in the trial court, have appealed an adverse final judgment rendered in favor of appellees upon a directed verdict granted at the conclusion of appellants’ evidence. The two points presented for our consideration by appellants’ brief are predicated exclusively upon the assignment of error which asserts that the court erred in directing a verdict at the conclusion of the appellants’ evidence.
By their amended complaint appellants alleged that as a result of a mutual mistake they constructed a dwelling on a parcel of land owned by appellees or in which they claimed an interest; that appellants are the owners of the dwelling for which appellees have never paid or agreed to pay them any consideration. Appellants’ sole prayer for relief was that the court order and direct the individual appellees Noels to vacate the dwelling then occupied by them and to authorize appellants to remove the house from the real estate on which it is located.
From the issues drawn by the pleadings appellants assumed the burden of establishing by a preponderance of the evidence that they constructed the dwelling in ques *644 tion; that as a result of a mutual mistake it was erroneously constructed on a parcel of land owned by appellees or in which they claimed an interest; and that appellants were the owners of the dwelling and entitled to its immediate possession. The case was tried by the court without a jury and, after appellants rested, the appellees’ respective motions for a directed verdict were granted.
We have carefully reviewed the record of the testimony and evidence adduced at the trial but are impelled to agree with the trial court that appellants failed to carry the burden of proving the issues on which their prayer for relief depended. An objection predicated upon the hearsay evidence rule was sustained by the court to the testimony of appellants’ surveyor by whom they sought to establish that the dwelling in question had erroneously been constructed on appellees’ land. An objection was sustained by the court to the proffer in evidence of the answers given by appellees to interrogatories propounded by appellants on the ground that the original interrogatories so propounded were not in the court file and could not be located at the time of trial. It was by these answers to interrogatories that appellants sought to establish the mutual mistake which resulted in the dwelling being constructed on appellees’ land. The court’s several rulings with respect to the admissibility of the foregoing evidence, although assigned as error, were not made points on appeal and, therefore, may not be considered by us in reaching our decision.[1]
Appellants having failed to demonstrate error, the judgment appealed is affirmed.
JOHNSON, C. J., and RAWLS, J., concur.

. Nasrallah v. Corley (Fla.App.1965) 180 So.2d 476; Joe Reinertson, Inc. v. Nelson (Fla.App.1964) 160 So.2d 723; Central Bank & Trust Co. v. Banner Trading Co. (Fla.App.1963) 157 So.2d 201.